**DAIRYLAND INSURANCE COMPANY,**
Plaintiff-Appellant,

v.

**Charles P. FRITH, Morris H. Frith, Sr.,
et al., Defendants-Appellees.**

No. 27415.

United States Court of Appeals
Fifth Circuit.

Jan. 7, 1970.

Forrest L. Champion, Jr., Columbus, Ga., Kelly, Champion & Henson, Columbus, Ga., for appellant.

Swift, Pease, Davidson & Chapman, Columbus, Ga., Julian Webb, Donalsonville, Ga., W. G. Scrantom, Jr., Columbus, Ga., for Charles P. Frith and Morris Henry Frith, Sr.

Jack M. Thornton, Roberts & Thornton, Columbus, Ga., for Douglas Regan, Sr.

Howell Hollis, Foley, Chappell, Hollis & Schloth, Columbus, Ga., for Bobby Ray Lovell.

Before BELL, AINSWORTH and CARSWELL, Circuit Judges.

PER CURIAM:

Dairyland Insurance Company appeals from the District Court's order dismissing its petition for a declaratory judgment. This petition requested a declaration of the rights and other legal relations of the insurer and appellees with respect to a public liability insurance policy Dairyland had issued. Two questions of Georgia law were presented: (1) whether the coverage of the Dairyland policy extended to an action brought by a third person against some of the appellees in a Georgia state court, and (2) whether Dairyland had a duty to defend against that action. On the particular facts of this case, we conclude that the District Court exercised a reasonable discretion under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202 (1964), in declining to decide the question of coverage. *See, e. g.,* Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962); Amerada Petroleum Corporation v. Marshall, 5 Cir., 1967, 381 F.2d 661, 663. For the reasons of comity well expressed by the District Judge, we therefore affirm the judgment. Equitable considerations, however, require that we modify the judgment to this extent: By defending the state court action Dairyland is in no way to be denied the right to reserve the question of coverage and is not to be deemed estopped from so doing. We expressly reserve that right to Dairy-

land under the circumstances presented here. Each side to this case will bear its own costs.

Affirmed as modified.