**PACIFIC INDEMNITY COMPANY,**
Plaintiff-Appellee,

v.

**ACEL DELIVERY SERVICE, INC., et al.,**
Defendants-Appellants.

No. 28323.

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1970.

Rehearing Denied Sept. 18, 1970.

Tom H. Davis, Austin, Tex., for defendants-appellants.

Logan Ford, Spencer C. Relyea, III, Dallas, Tex., for plaintiff-appellee.

William C. Manning, Irving, Tex., Henry W. Simon, Jr., Norman W. Darwin, Fort Worth, Tex., for other interested parties.

Before RIVES, GEWIN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

On May 27, 1967, a Piper Comanche aircraft crashed at Raton, New Mexico, killing the pilot, Wendell Williams, and a passenger, Joe Mack Talley. Another passenger, Walter C. Talley, was seriously injured. The aircraft was owned by the Acel Delivery Service, Inc. and was insured by the Pacific Indemnity Company.

On May 13, 1968, suit was filed by George and Josephine Edmondson against Acel Delivery Service, Inc., and the Estate of Joe Mack Talley, in Cause No. A33,991, in the District Court of Bernalillo County, New Mexico. These plaintiffs were damaged when the aircraft crashed into a barn they were occupying. Pacific took over the defense of Acel after obtaining a nonwaiver agreement reserving its rights to later deny coverage. However, it refused to defend the Talley Estate.

On November 22, 1968, the estate of Joe Mack Talley and Walter C. Talley filed suit against the estate of the pilot, Wendell Williams, in Cause No. 54709–C in the 96th District Court of Tarrant County, Texas. Pacific filed an answer on behalf of the pilot's estate and has

taken over the defense without obtaining a nonwaiver agreement.

On March 26, 1969, Pacific filed suit against Acel, the Talleys and others, in the court below seeking a declaratory judgment and an injunction enjoining the further prosecution of all state court suits growing out of the above crash except the suit pending in the New Mexico court.

On July 18, 1969, the court below granted an interlocutory injunction in accordance with Pacific's request. The Talleys have appealed from this injunction restraining them from prosecuting their state court suit against the pilot's estate.

The sole issue presented on appeal is whether a federal court, in a suit for declaratory judgment to determine whether coverage existed under a policy of aviation insurance, was precluded by 28 U.S.C. § 2283 from enjoining state court actions against the purported assureds "in aid of its jurisdiction", when such persons have refused to permit the insurer to defend them under a reservation of rights or nonwaiver agreement.

The federal Anti-Injunction Statute, 28 U.S.C. § 2283, provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

■ At the outset, we note, as this court did in Tampa Phosphate R. R. v. Seaboard Coast Line R. R., 418 F.2d 387, 392 (5th Cir. 1969), cert. denied, 397 U.S. 910, 90 S.Ct. 907, 25 L.Ed.2d 90 (1970), "[T]hat § 2283 applies irrespective of whether the federal injunction is directed to the parties [as here] or to the state courts."

Pacific Indemnity does not argue that there is express congressional authorization for an injunction in this type of action and we are in accord with that conclusion. Neither is it urged that the injunction was required to "protect or effectuate" a judgment of the district court. Rather, Pacific maintains that the injunction entered by the court below was "necessary in aid of its [the court's] jurisdiction." 28 U.S.C. § 2283.

While the purpose and function of § 2283 has been drawn in question, we do not feel disposed, on the facts of this case, to explicate the history and background of a section which is already the subject matter of a plethora of decisional law in this and other circuits as well as in the Supreme Court.

The language of § 2283 is explicit in defining the circumstances in which a federal court may stay proceedings in a state court; however, certain timeworn judicially declared exceptions do exist. Thus, it is said that where the jurisdiction over the proceedings is *in rem* or *quasi in rem*, "[T]he state or federal court having custody of such property has exclusive jurisdiction to proceed." Donovan v. City of Dallas, 377 U.S. 408, 412, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964). And more recently, *in personam* proceedings (criminal), instituted in state tribunals, have been stayed by federal courts—the equitable restraints being predicated on the constitutional imperative of freedom of speech. *See, e. g.*, Sheridan v. Garrison, 415 F.2d 699 (5th Cir. 1969), cert. denied, 396 U.S. 1040, 90 S.Ct. 685, 24 L.Ed.2d 685 (1970). Absent a *res* to be preserved and protected or the need for immediate vindication of first amendment rights, the federal courts have been hesitant to expand, by judicial improvisation, the exceptions Congress has created to the general prohibition of § 2283.

In the instant case, Pacific has denied coverage under the policy on several grounds, one of which being that the pilot of the aircraft was not properly qualified as required by the policy provisions. Pacific argues that in the absence of a stay of the proceedings now pending in state court, it must either waive its policy defenses or deny coverage and lose control of the litigation. This for the reason that in Texas, as in many other states, an insurance compa-

ny by assuming and conducting the defense of a claim or action brought against its insured, with knowledge of facts which forfeit the coverage of the policy and without first effectively disclaiming liability, is thereafter precluded from defending an action on the policy and asserting no coverage on the basis of such facts.

In order to avoid this admittedly difficult choice of which course of action to pursue in the state court actions against its insured, Pacific contends that the injunction entered by the district court was "necessary in aid of its jurisdiction" to determine the question of policy coverage. Pacific further asserts that none of the decisions interpreting 28 U.S.C. § 2283 or any of its statutory predecessors have ousted the equitable jurisdiction of a federal court to issue injunctions, including stays of state court proceedings, where necessary to afford a litigant before it complete relief and to prevent irreparable injury to the party seeking a temporary injunction.

█ We are constrained to reject Pacific's arguments and its interpretation of § 2283. The Supreme Court, in the recent case of Atlantic Coast Line R. R. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970), again had occasion to construe the meaning of § 2283. While the case involved a federal court injunction against the enforcement of a state court decree enjoining union picketing, we view the Court's guidelines in the application of § 2283 as controlling.

In *Atlantic, supra,* the Court made the following relevant observation:

"On its face the present Act [§ 2283] is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions. The respondent here has intimated that the Act only establishes a 'principle of comity', not a binding rule on the power of the federal courts. The argument implies that in certain circumstances a federal court may enjoin state court proceedings even if that action cannot be justified by any of the three exceptions. We cannot accept any such contention. In 1954 when this Court interpreted this statute, it stated: 'This is not a statute conveying a broad general policy for appropriate *ad hoc* application. Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions.' Amalgamated Clothing Workers v. Richman Brothers, 348 U.S. 511, 515–516, 75 S.Ct. 452, 455, 99 L.Ed. 600 (1955). Since that time Congress has not seen fit to amend the statute and we therefore adhere to that position and hold that any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld. Moreover since the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction."

398 U.S. at 286, 90 S.Ct. at 1743.

In construing the "necessary in aid of" phrase of § 2283, the Court noted that,

"[I]f the District Court does have jurisdiction, it is not enough that the requested injunction is related to that jurisdiction, but it must be *'necessary in aid of'* that jurisdiction. While this language is admittedly broad, we conclude that it implies something similar to the concept of injunctions to 'protect or effectuate' judgments. Both exceptions to the general prohibition of § 2283 imply that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."

398 U.S. at 295, 90 S.Ct. at 1747.

And the Court concluded that:

"Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion."

398 U.S. at 297, 90 S.Ct. at 1748.

Pacific Indemnity is not a party to the state court actions against its insured. Moreover, the question of coverage under the policy of insurance will not be litigated in those proceedings. The judgments rendered and the issues decided in the state court proceedings will in no way impair the federal court's flexibility and authority to decide the question of coverage under the policy.

Pacific's apprehension, that it may waive its policy defenses if it defends the suits in the state court, furnishes no reason under § 2283 to stay those proceedings.

Accordingly, and for the reasons above expressed, the judgment of the district court is reversed and the cause remanded with directions to dissolve the injunction.

## ON PETITION FOR REHEARING

PER CURIAM:

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.

We note, in addition, the appellant's request that our opinion of August 6, 1970, be modified to provide that Pacific shall not be estopped to later deny coverage under the policy by defending the state court action against its assured. As authority for this requested reservation of rights, Pacific cites Dairyland Insurance Co. v. Frith, 419 F.2d 1325 (5th Cir. 1970), which contained language of the same import. In *Dairyland*, however, the court was exercising its equitable powers *under the particular facts of that case*. Under the facts presented in the instant case, we do not deem it appropriate to secure to Pacific the requested reservation of rights.