**SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**NORRIS & HIRSHBERG, INC., H. Dyar Burttram, Jr., Robert A. Rosenberg, Kevin P. Kilroy and William H. Taft, Defendants.**

**Civ. A. No. C85–4770.**

United States District Court, N.D. Georgia, Atlanta Division.

July 1, 1986.

 

John V. Burch, P.C., Bovis, Kyle & Burch, Atlanta, Ga., for plaintiff.

Rex M. Lamb, III, O'Callaghan, Saunders & Stumm, Phillip S. McKinney, Rogers & Hardin, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This action is presently before the court on plaintiff's motion for a preliminary injunction. Federal jurisdiction is predicated upon diversity of citizenship, 28 U.S.C. § 1332.

**FACTS**

Plaintiff Safeco Insurance Company of America ("Safeco") filed this action seeking a declaratory judgment of non-coverage for a general business liability insurance policy issued to defendant Norris & Hirshberg, Inc. ("Norris & Hirshberg"). Defendants H. Dyar Burttram, Jr. ("Burttram") and Robert A. Rosenberg ("Rosenberg") are the principals of Norris & Hirshberg. Defendants Kevin P. Kilroy ("Kilroy") and William H. Taft ("Taft") were at one time employees of Norris & Hirshberg.

After the end of their employment with Norris & Hirshberg, Kilroy and Taft were arrested for the theft of documents and client information allegedly retained by them after their departure. These charges were later dismissed. On December 12, 1984, Kilroy and Taft each filed suit against Norris & Hirshberg, Rosenberg and Burttram in Fulton County Superior Court alleging malicious prosecution, abuse of process, libel, slander, interference with contract and intentional infliction of emotional distress.

Norris & Hirshberg, Burttram and Rosenberg notified plaintiff of the arrest of Kilroy and Taft and the resulting lawsuit on October 10, 1985. Plaintiff contends it denied coverage to defendants Norris and Hirshberg, Buttram and Rosenberg for any liability on their part to Taft and Kilroy on the basis that these defendants failed to give plaintiff timely notice, as defined by the terms of the policy. (Plaintiff's Brief in Support of Motion for Preliminary Injunction p. 2. ("Plaintiff's Brief")).

Defendants Norris and Hirshberg, Burttram and Rosenberg contend they were unaware that the business liability policy provided coverage for personal injuries for malicious prosecution and injuries from li-

bel and slander. (Response and Memorandum of Authorities of Defendants Norris & Hirshberg, Burttram and Rosenberg in Opposition to Plaintiff's Motion for Preliminary Injunction. ("Defendant's Response")). For this reason, they argue that the delay in giving notice was reasonable and justified and, therefore, that plaintiff must cover any liability defendants Norris and Hirshberg, Burttram and Rosenberg may owe to Kilroy and Taft under the terms of the policy. (Defendant's Response at 15). Despite disclaiming any obligation on its policy, plaintiff has undertaken the defense of Norris and Hirshberg, Burttram and Rosenberg in the state court actions, allegedly in an effort to reduce plaintiff's possible exposure. (Plaintiff's Brief at 3). Plaintiff moves this court for an injunction under Fed.R.Civ.P. 65(a) staying the state court proceedings pending the adjudication of all issues before this court. Plaintiff complains that it faces the ongoing accumulation of legal fees for the defense it has undertaken in the state court action which, should plaintiff prove successful in this declaratory judgment action, would have been spent without benefit to plaintiff.[1] (Plaintiff's Brief at 3). Additionally, plaintiff contends that upon completion of the state tort actions, it may face a demand for payment based upon a judgment against its insured, although this court may not by that time have resolved the question of policy coverage. (Plaintiff's Brief at 3). Thus, plaintiff argues it would confront the following dilemma: "To pay a demand in such a situation would be unwise based on Safeco's probability of success on the coverage question, but refusal to pay may ultimately subject Safeco to bad faith penalties." (Plaintiff's motion at 4).

## DISCUSSION

■ In order to grant the relief sought by plaintiff, the court must find (1) that 28 U.S.C. § 2283 (1978) (the "Anti-Injunction Act") does not bar this court from granting the requested preliminary injunction, and (2) that plaintiff has demonstrated the existence of the four essential elements of a preliminary injunction. Because the requested preliminary injunction does not fall under any exception to the Anti-Injunction Act, the court need not discuss the applicability of the four preliminary injunction factors.

The Anti-Injunction Act provides:

A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 (1978). It is well-settled that "in the interest of comity and federalism," the three exceptions specifically stated in the Anti-Injunction Act "must be strictly construed." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970). The Anti-Injunction Act absolutely prohibits in such action all federal equitable intervention in a pending state court proceeding absent the application of one of the three statutory exceptions. *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Alton Box Board Co. v. Esprit de Corp.*, 682 F.2d 1267 (9th Cir.1982). Also, the Anti-Injunction Act is equally applicable to an injunction addressed, as in this action, to the parties to the state court action, as well as to a state court. *Pacific Indemnity Co. v. Acel Deloney Service, Inc.*, 432 F.2d 952 (5th Cir.1979) *cert. denied*, 401 U.S. 955, 91 S.Ct. 973, 28 L.Ed.2d 238 (1971).

Plaintiff contends that enjoining the state court action in this matter is "necessary in aid of this court's jurisdiction," (plaintiff's brief at 5), and thus meets the second exception to the Anti-Injunction Act. The court disagrees, and accordingly, DENIES plaintiff's motion for preliminary injunction.

---

1. Safeco assumes it will be unable to recoup these expenses from defendants Norris and Hirshberg, Burttram and Rosenberg.

■ The "necessary in the aid of jurisdiction" exception is a narrow one and should be invoked only where federal injunctive relief is necessary "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case. *Atlantic Coastline Railroad Co.*, 398 U.S. at 285, 90 S.Ct. at 1742 (1970).

Here, Safeco is not a party to Taft and Kilroy's state tort actions against defendants. Nor is the question of insurance coverage at issue in those proceedings. The resolution of declaratory judgment action before this court cannot be affected by the disposition of the state tort claims. In sum, the court's flexibility and authority to resolve the insurance coverage issue is totally unimpaired regardless of the outcome of the state tort actions.

Similarly, in *Pacific Indemnity Co., supra,* where parties injured in an aircraft crash brought tort actions in state court, the aircraft owner's insurance carrier, Pacific Indemnity, brought a declaratory judgment action and sought to enjoin the state court proceedings. The Fifth Circuit held:

> Pacific Indemnity is not a party to the state court actions against its insured. Moreover, the question of coverage under the policy of insurance will not be litigated in those proceedings. The judgments rendered and the issues decided in the state court proceedings will in no way impair the federal court's flexibility and authority to decide the question of coverage under the policy. *Id.* 432 F.2d at 956.

■ In that case, Pacific Indemnity faced an even greater dilemma than plaintiff may face in deciding whether to pay what plaintiff feels is a groundless demand, or refuse to pay and risk bad faith penalties should plaintiff ultimately be found obligated to pay under its policy. *Pacific Indemnity Co.* involved a Texas law that precluded an insurance company from defending an action on its policy where the insurance company had, without disclaiming liability, conducted the defense of its insureds. Pacific Indemnity, therefore, was faced with the choice between waiving its defenses on its policy, or denying coverage and not participating in the litigation involving the question of underlying tort liability.[2] Even under those circumstances, the Fifth Circuit found "Pacific's apprehension, that it may waive its policy defenses if it defends the suits in the state court, furnishes no reason under section 2283 to stay those proceedings." *Id.* at 956. Here, where the equties are decidedly less favorable to plaintiff, the court has little difficulty finding that an injunction is not necessary to aid this court's jurisdiction.

Plaintiff relies on two cases to establish that its request falls under the "necessary to aid jurisdiction" exception. *American Ins. Co. v. Lester,* 214 F.2d 578 (4th Cir. 1954) and *Safeco Ins. Co. of America v. Jerald B. Head,* (N.D.Ga. C.A. No. C83–2251A) (Moye, J.) (unpublished opinion) [Available on WESTLAW, DCTU database]. Neither case is controlling precedent on this court and, in any event, reliance on these cases is misplaced. The Fourth Circuit has limited the holding in *Lester* to its facts. *St. Paul Fire & Marine Ins. Co. v. Lack,* 443 F.2d 404, 406–407 (4th Cir.1971).[3] The court in *Lack* stated that,

> *Lester* ... is clearly distinguishable on its facts. Involved there was 'an ex-

---

**2.** Such dilemma does not arise in this case because Georgia law allows an insurer to notify the insured that it does not waive its policy defenses and proceed to defend the action without being precluded from later asserting those defenses. *Richmond v. Georgia Farm Bureau Mutual Ins. Co.*, 140 Ga.App. 215, 231 S.E.2d 245 (1976).

**3.** The First and the Tenth Circuits each have stated that the *Lester* case should be limited to

the special circumstances involved where the court aimed to declare the rights of a number of parties and avoid a multiplicity of lawsuits. *Hayes Industries, Inc. v. Caribbean Sales Associates, Inc.,* 387 F.2d 498, 501–502 n. 2 (1st Cir. 1968); *Hyde Construction Co., Inc. v. Koehring Co.,* 388 F.2d 501 (10th Cir.1968), *cert. denied,* 391 U.S. 905, 88 S.Ct. 1654, 20 L.Ed.2d 419 (1968).

tremely complicated insurance situation' ... which presented a possibility of a multiplicity of state actions in any one of which all of the interested parties could not, perhaps, have gathered, and which indicated an 'obvious' attempt by plaintiffs, in the state actions sought to be enjoined, to avoid litigation in a federal forum by filing many separate actions for damages, each for a sum slightly less than the then-required federal jurisdictional amount. Further, there was an alleged agreement among counsel for some of the parties whereby if litigation became necessary, it would be conducted in the appropriate federal district court. Assuming that the court in *Lester* correctly authorized the district court in its decision to consider enjoining the state court suits, we do not find *Lester* to be persuasive authority to support the action of the district court in enjoining state court proceedings in the instant case.

*Id.* at 406–407.

The court in *Head* dealt with a declaratory judgment action brought by an insurance carrier seeking determination of its policy obligations. The court, in that case, granted injunctive relief staying a pending tort action in state court. However, the court never expressly mentioned the Anti-Injunction Act, and based its holding on the traditional four preliminary injunction factors.[4] Thus, both of the cases on which plaintiff relies are inapposite to the instant case.

For the foregoing reasons, the court DENIES plaintiff's motion for preliminary injunction.

---

**4.** The court did state within its summary recitation of the four preliminary injunction factors that "... the granting of an injunction is not contrary to the public interest, but rather it is necessary in aid of this court's jurisdiction." *Head* at 6. However, without more this court cannot assume that the Anti-Injunction Act was specifically considered in that case.