**John M. TWEET, Donna P. Tweet, Danniele Middleton and David Middleton, Plaintiffs,**

**v.**

**Raymond A. WEBSTER, California State Automobile Association, and Farmers Insurance Exchange, Defendants.**

**No. CV–R–84–47–ECR.**

United States District Court, D. Nevada.

May 15, 1985.

Reconsideration Denied Aug. 8, 1985.

G.C. Backus, Reno, Nev., for plaintiffs.

David R. Grundy, Hibbs, Roberts, Lemons & Grundy, Reno, Nev., for Farmers Ins. Exchange.

Bruce R. Laxalt, Reno, Nev., for California Auto. Ass'n and Raymond A. Webster.

## ORDER

EDWARD C. REED, Jr., District Judge.

California State Automobile Association (CSAA) moves this Court, pursuant to Fed. R.Civ.P. 56, for summary judgment on all of the claims stated against it on the ground that there exists no material issue of fact and CSAA is entitled to judgment as a matter of law.

The case was brought as a diversity action. Plaintiffs are residents of Nevada and defendants Farmers Insurance Exchange (Farmers) and CSAA are corporations having their principal places of business in California. Defendant Webster, no longer a party to this action pursuant to

order of this Court on September 18, 1984, quashing service of process on him for lack of personal jurisdiction, also is a resident of California. 596 F.Supp. 130.

The action arose out of an automobile collision on February 18, 1983, in Portola, California, between a vehicle owned and driven by Webster, and one owned and driven by John Tweet (Tweet) and occupied by the other plaintiffs, all members of his family. Farmers was the principal insurer of Tweet and CSAA insured Webster.

The Tweets' vehicle, a 1979 Subaru, was damaged in the collision and, following estimates from a local garage for repairs, Tweet looked to CSAA for payment for the property damage. Negotiations between Tweet and CSAA over the amount of Tweet's claim broke down when Tweet requested $3,200 and CSAA offered only $2,315 net. Tweet then turned to Farmers, his first-party insurer, and collected a net payment of $2,337 for his loss. In endorsing Farmers' check for this amount, Tweet agreed to release Farmers from any material damage claim.

After paying Tweet's property damage claim, Farmers submitted the claim to CSAA by way of subrogation. When a dispute arose as to the amount involved, Farmers took its claim against CSAA to arbitration, pursuant to industry practice. The arbitration panel awarded the full amount of the material damage claim paid to Farmers against CSAA and Farmers now has been reimbursed this amount.

Tweet claims bad faith refusal to settle his claims on the part of CSAA. In the alternative, Tweet claims fraud on the part of CSAA in that CSAA allegedly negotiated with Tweet without intending to reach a reasonable settlement. However, there are insufficient facts stated to show either and CSAA now moves for summary judgment on both issues.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 676, 677 (9th Cir.1984). The evidence must be viewed in the light most favorable to the non-moving party. *Ward by and through Ward v. United States Department of Labor*, 726 F.2d 516, 517 (9th Cir.1984); *Ruffin v. County of Los Angeles*, 607 F.2d 1276, 1279 (9th Cir.1979), *cert. denied*, 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980). Although the initial burden of showing no issue of material fact is on the proponent, *Int. Un. of Bricklayers Etc. v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir.1982), *cert. denied*, 460 U.S. 1085, 103 S.Ct. 1777, 76 L.Ed.2d 349 (1983), the opponent must then present some significant probative evidence tending to support his complaint. *Compton v. Ide*, 732 F.2d 1429, 1434 (9th Cir. 1984).

In the present case, Tweet negotiated his claim against CSAA with Robert Black, Divisional Claims Manager out of CSAA's Reno District office and at the conclusion of these negotiations, Tweet was a resident of Nevada. Therefore, any alleged tort of bad faith refusal to settle took place in Nevada. Nevada's choice of law's rule remains the *lex loci* rule expressed in the line of cases starting with *Mitrovich v. Pavlivoch*, 61 Nev. 62, 114 P.2d 1084 (1941). *See also Cambridge Filter v. Intern. Filter Co., Inc.*, 548 F.Supp. 1301, 1305 (D.Nev.1982); *Southern Pacific Transp. Co. v. United States*, 462 F.Supp. 1227 (E.D.Calif.1978). Therefore, Nevada law applies to this case. While California recognizes the existence of a statutory duty to negotiate settlements in good faith running from an insurer to a third party claimant, *Royal Globe Ins. Co. v. Superior Court*, 23 Cal.3d 880, 153 Cal.Rptr. 842, 592 P.2d 329 (1979), Nevada does not. *See State ex rel Allen v. District Court*, 69 Nev. 196, 245 P.2d 999 (1952) (third party claimant does not have a discoverable interest in the value of liability policy insuring alleged tortfeasor where Nevada statutes do not create a contractual relationship between insurer and such third party.) Under Nevada law, an insurer is liable to its

insured for any bad faith refusal to settle. Liability is based on an implied covenant of good faith and fair dealing founded on the public policy of holding insurance companies responsible where such companies are quasi-public in nature and the insured necessarily relies heavily on the insurer's credibility. *U.S. Fidelity v. Peterson,* 91 Nev. 617, 540 P.2d 1070 (1975). The Nevada court, however, has refused to extend this implied liability to other situations not involving the special element of reliance. *See e.g., Aluevich v. Harrah's,* 99 Nev. 215, 660 P.2d 986 (1983) (requisite element of reliance not found between lessor and lessee.)

In this case, we need not consider whether a special element of reliance exists such that CSAA's liability could run to a third party claimant as Tweet. Where Tweet states no specific facts which would support his contention that CSAA negotiated with him in bad faith, his mere conclusionary allegation that a cause of action for this tort exists is insufficient to defend against a motion for summary judgment.

█ Tweet also alleges fraud on the part of CSAA in settlement negotiations with Tweet. Although Tweet states that the elements of fraud under NRS 205.380 are: 1) intent to defraud; 2) false representation; 3) detrimental reliance; and 4) that the victim was defrauded, citing *Bright v. Sheriff,* 90 Nev. 168, 521 P.2d 371 (1974) (criminal fraud) and *Sanguinetti v. Strecker,* 94 Nev. 200, 206, 577 P.2d 404 (1978) (civil fraud) for application, Tweet fails to state specific facts showing where these elements existed in the present case. Tweet claims that CSAA entered into negotiations with him without the intent to make a reasonable settlement but does not state facts showing this to be true. Therefore, where Tweet has presented no evidence tending to support his complaint, summary judgment for his opponent is appropriate. *Compton v. Ide, supra.*

IT IS, THEREFORE, HEREBY ORDERED that defendant California State Automobile Association's motion for summary judgment on all of the claims stated against it in this action is GRANTED.