**Karen SANTACRUZ, Plaintiff,**

**v.**

**UNITED PACIFIC INSURANCE COMPANY, a Washington corporation, individually; Reliance Insurance Company, a Pennsylvania corporation, individually; and United Pacific Insurance Company and Reliance Insurance Company, dba United Pacific/Reliance Insurance Company, Defendants.**

**No. CV S–86–730 RDF.**

United States District Court, D. Nevada.

Oct. 28, 1986.

Insurance Co. settled with the other injured party for $237,440.76 in May of 1983.

Plaintiff suffered injuries at least as extensive as the other claimant, yet she was forced by defendant's settlement with that claimant to accept the remainder of the coverage amount, just $62,559.24.

Plaintiff brought this suit in Nevada's Eighth Judicial District Court, subsequently removed here, claiming that defendants owed her a fiduciary duty of good faith and fair dealing since she was a third party beneficiary of the insurance contract between Union Pacific and Whiting Brothers. Defendants allegedly breached this duty by settling with the other claimant for a disproportionately large amount of the coverage limits, while knowing that their insureds would be unable to fully compensate this plaintiff for the loss over and above coverage limits.

## ISSUE

Defendants bring this motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Defendants argue that Nevada law recognizes no such duty of good faith by the insurer to third party claimants. Plaintiffs argue in return that Nevada law recognizes third party claimants as third party beneficiaries, and as such they may enforce the contract of insurance and its implied covenant of good faith.

Cochrane & Rose by Robert E. Rose, Las Vegas, Nev., for plaintiff.

Beckley, Singleton, DeLanoy, Jemison & List by C. Eric Funston, Las Vegas, Nev., for defendants.

## ORDER OF DISMISSAL

ROGER D. FOLEY, Senior District Judge.

### FACTUAL BACKGROUND

The Complaint alleges that on May 15, 1981, plaintiff Karen Santacruz and another person were injured by an automobile owned by Whiting Brothers Construction, Inc., and driven by an employee. Defendants' insurance policy covered the injuries to the two parties to a $300,000 limit, but both injured parties had claims well in excess of that limit. United Pacific/Reliance

## NEVADA LAW DOES NOT RECOGNIZE THIRD PARTY BAD FAITH ACTIONS

This case was brought as a diversity action, and as such, the trial judge is required to look to state law for the appropriate rule of decision. *Erie v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

When a decision turns upon applicable state law, and the state's highest court has not adjudicated that issue, the district court must make a reasonable determination, based upon such recognized sources as statutes, treatises, restatements and well reasoned opinions of other jurisdictions, as to the result that the highest state

court would reach if it were deciding the case. *Commercial Union Insurance Co. v. Ford Motor Co.,* 640 F.2d 210, 212 (9th Cir.), cert. denied, 454 U.S. 858, 102 S.Ct. 310, 70 L.Ed.2d 154 (1981); *Molsbergen v. United States,* 757 F.2d 1016, 1020 (9th Cir.1985); *Fedrick, Inc. v. Borg-Warner Corp.,* 552 F.2d 852, 856 (9th Cir.1977).

This court holds *Tweet v. Webster,* 610 F.Supp. 104, petition for reconsideration denied, 614 F.Supp. 1190 (D.Nev.1985), to be a well-reasoned and still valid view of Nevada law. NRS 697A.180 does not create a private cause of action. *Tweet, supra,* at 1194, 1195. Nor does Nevada recognize an implied covenant of good faith and fair dealing which runs from the insurer to third party claimants. *Id.* at 1195.

■ Plaintiff essentially argues for an extension of an insurer's duty of good faith to third party claimants. Plaintiff cites many decisions from other states supporting this extension. However, the responsibility of the federal courts in matters of state law is not to formulate the legal mind of the state, but merely to ascertain and apply it. *Fedrick, Inc. v. Borg-Warner Corp.,* 552 F.2d 852, 856 (9th Cir.1977).

■ The tort of bad faith arises not from the terms of the contract but is a duty imposed by common law, the violation of which is a tort. *State ex rel. Allen v. Second Judicial District Court,* 69 Nev. 196, 245 P.2d 999 (1952). This implied covenant runs from the insurer to an insured because of the special element of reliance by the insured on the insurer's credibility, such as that found in insurance or franchise agreements and partnerships. *See Aluevich v. Harrah's,* 99 Nev. 215, 218, 660 P.2d 986 (1983).

■ That element of reliance is not present between insurers and third party claimants, who negotiate as adversaries at arms length. No fiduciary relationship is created.

Plaintiff argues that she is a third party beneficiary under the contract of insurance and is thereby entitled to enforce that implied covenant. Nevada has refused to decide whether an injured party is a third party beneficiary under an insurance contract. *Roberts v. Farmer's Insurance Co.,* 91 Nev. 199, 537 P.2d 158 (1975). However, even if Plaintiff was a third party beneficiary under this insurance contract, she would not be able to enforce more than the terms of the contract. *Restatement (Second) of Contracts,* § 304. That contract contains no implied or actual duty of good faith to her. Thus, tort law duties would not be enforceable by Plaintiff as a third party beneficiary.

Since defendants owe plaintiff no fiduciary duty of good faith, they cannot have breached that duty and no recovery can be had. Thus, under no state of facts as pleaded could plaintiff recover from defendants, and this suit should be dismissed under Fed.R.Civ.P. 12(b)(6).

### ORDER

It is hereby ORDERED that defendant's Motion to Dismiss for failure to state a claim be granted for the foregoing reasons.

This case is hereby dismissed in its entirety under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted.