ROBERT RALPH GUNNY and ROBERT GREGORY GUNNY, Appellants, *v.* ALLSTATE INSURANCE COMPANY, Respondent.

No. 22318

May 13, 1992                                    830 P.2d 1335

*Albert D. Massi, Ltd.,* Las Vegas, for Appellants.

*Vargas & Bartlett* and *Thomas F. Kummer,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Robert Gregory Gunny (Greg) was seriously injured in a water-skiing accident by the propeller of a boat that belonged to his father, Robert Ralph Gunny (Ralph). Greg filed a claim against Ralph's insurance company, Allstate Insurance Company (Allstate), requesting compensation for his injuries. Because Allstate delayed compensating Greg, he filed another complaint against Allstate in which he alleged bad faith. The district court granted Allstate's motion for summary judgment, finding that a contractual relationship must exist to support a bad faith claim. On appeal, Greg asserts that: (1) as a third-party claimant, he has standing to sue the insurance company, (2) NRS 686A.310 creates a statutory cause of action for a third-party claimant suing on a bad faith claim, and (3) the insurance policy itself creates a separate cause of action for a third-party claimant.

We conclude that Greg lacks standing to sue because he had no contractual relationship with Allstate. *See* United Fire Insurance Co. v. McClelland, 105 Nev. 504, 780 P.2d 193 (1989) (even though the wife was an insured person and express beneficiary regarding her own health care benefits, she was merely an incidental beneficiary with regard to her husband's benefits); State v. District Court, 69 Nev. 196, 245 P.2d 999 (1952) (a third-party claimant does not have a discoverable interest in the value of a liability policy where Nevada statutes do not create a contractual relationship between the insurer and such third party). Greg presented no evidence that he had substantially relied on the insurance company's representations or that he was a specific

intended beneficiary of the insurance policy. While we may recognize a beneficiary's cause of action if he or she has relied on actions or representations of the insurance company to his or her detriment (*see contra* Santacruz v. United Pacific Ins. Co., 650 F.Supp. 32 (D.Nev. 1986)), we need not address that question since no such evidence was presented.

Secondly, we conclude that Greg has no private right of action as a third-party claimant under NRS 686A.310. *See* Crystal Bay General Imp. Dist. v. Aetna Cas. & Sur., 713 F.Supp. 1371, 1377 (D.Nev. 1989) (NRS 686A.310 creates no private right of action in favor of third-party claimants against an insurer); Tweet v. Webster, 610 F.Supp. 104 (D.Nev. 1985) (a third-party claimant has no contractual relationship with an insurance company).

Finally, we conclude that the contractual provisions that stipulate the procedures that an injured party must comply with an order to process a claim do not confer standing to sue on third-party claimants who lack a contractual relationship with the insurer. *McClelland*, 105 Nev. at 511, 780 P.2d at 197. Thus, the provisions in the contract between Allstate and his father, to which Greg refers, do not grant Greg standing to sue on a bad faith claim. Accordingly, we affirm the district court's decision.