Roger MATHESON; Marcelee Matheson; James R. Matheson; Jennifer Matheson, Plaintiffs–Appellants,

v.

PROGRESSIVE SPECIALTY INSURANCE COMPANY, an Ohio Corporation, dba aka Progressive, Progressive Companies, Progressive Insurance Group, Progressive Insurance Company, Defendant–Appellee.

No. 03–16288.

United States Court of Appeals, Ninth Circuit.

Submitted July 16, 2004.*

Decided Aug. 5, 2004.

Bryan W. Lewis, Esq., lewis & shreve, LLP, Las Vegas, NV, for Plaintiffs–Appellants.

Nicholas F. Frey, Esq., Burton, Barlett & Glogovac, Reno, NV, for Defendant–Appellee.

Before: FERNANDEZ, and PAEZ, Circuit Judges, and WEINER, Senior District Judge.**

MEMORANDUM ***

Roger and Marcelee Matheson, husband and wife, and their children, James and Jennifer, appeal the district court's grant of summary judgment in favor of Progressive Specialty Insurance Company. We affirm.

After a thorough review of the record, we are satisfied that, while the Mathesons regale us with a number of aesthetic assertions about evidentiary conflicts, the issues raised are neither genuine nor material for summary judgment purposes. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 992 (9th Cir.2001); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n.,* 809 F.2d 626, 630 (9th Cir.1987). Thus, the district court did not err in granting summary judgment on the various claims because: there was no showing of bad faith or breach of the covenant of good faith; there was no showing of damages arising out of an unfair practice, assuming that any unfair practice could be discovered in the considerate, rapid, and thoughtful settlement process followed in this case; and there was no basis for punitive damages.[1]

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. There are some illusory allusions to allegedly fraudulent conduct, but no separate claim of fraud was pled, or really even attempted. In all events, the evidence would no more support that than it supports the other claims.

*See* Nev.Rev.Stat. 686A.310(2), 42.005(1) (2003); *Guar. Nat'l Ins. Co. v. Potter*, 112 Nev. 199, 205–06, 912 P.2d 267, 272 (1996); *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 102 Nev. 601, 605–06, 729 P.2d 1352, 1354–55 (1986). Moreover, the district court did not err when it determined that all issues were properly before it for decision and ultimately granted summary judgment on those issues. *See Celotex*, 477 U.S. at 326, 106 S.Ct. at 2254; *Portsmouth Square, Inc. v. Shareholders Protective Comm.*, 770 F.2d 866, 868–70 (9th Cir.1985).

AFFIRMED.[2]

---

2. This disposes of the claims of both the parents and the children, even if the children did have standing which, as the district court decided, they did not. *See Gunny v. Allstate Ins. Co.*, 108 Nev. 344, 345–46, 830 P.2d 1335, 1335–36 (1992); *United Fire Ins. Co. v. McClelland*, 105 Nev. 504, 511–12, 780 P.2d 193, 197–98 (1989).

