**Michael KINZLER, Plaintiff— Appellant,**

v.

**CALVERT INSURANCE CO., Defendant—Appellee.**

No. 05–17287.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 1, 2007.

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Pamela A. McKay, Esq., McKay & Pollock, Chtd., Las Vegas, NV, for Defendant–Appellee.

Before: TROTT and GRABER, Circuit Judges, and SHADUR *, District Judge.

MEMORANDUM **

Michael Kinzler ("Kinzler") appeals the district court's grant of summary judgment in favor of defendant Calvert Insurance Co. ("Calvert"). After Kinzler obtained a default judgment against Southwest Colored Rock, Inc. ("Southwest"), a now-defunct corporation, he has sought declaratory relief ordering Calvert, Southwest's former general liability insurance provider, to pay the default judgment. We affirm the district court's decision to grant summary judgment in Calvert's favor.

At best Kinzler is a mere incidental "beneficiary" of the insurance contract be-

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

tween Calvert and Southwest. Kinzler is not named in that contract, nor was the contract formed with an intent to benefit him. Instead Southwest, like all parties purchasing such insurance coverage, did so to protect itself against potential liability, rather than with any specific intent to benefit an unknown class of individuals that it might injure in the future. Under Nevada law third-party claimants (such as Kinzler) who are injured by an insured lack standing to sue the insured party's insurance company directly (*see Gunny v. Allstate Ins. Co.,* 108 Nev. 344, 830 P.2d 1335, 1335–36 (1992) (per curiam)).[1] Kinzler lacks standing to enforce Southwest's insurance policy against Calvert.

For the sake of brevity, we need not visit the alternative bases for summary judgment offered by Calvert and accepted by the district court, several (if indeed not all) of which are solidly grounded and would independently call for affirmance. That is particularly true of the failure to give timely notice of the underlying lawsuit as required by the policy, as to which Kinzler would perforce stand in the shoes of Southwest, which never apprised Calvert of the existence of that lawsuit at all.

Summary judgment in Calvert's favor was proper. We AFFIRM the decision of the district court.

---

1. One possible exception (which the Nevada Supreme Court has yet to decide definitively, but which is plainly inapplicable here in any event) might apply when an insurance company makes representations or actions upon which the injured party relies detrimentally (*see Gunny,* 830 P.2d at 1336). No such representations are alleged in the present litigation.