**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ERNEST HICKS and RONALD KLECKLEY, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DAIRYLAND INSURANCE COMPANY; et al., <br><br> Defendants - Appellees. | No. 10-15650 <br><br> D.C. No. 2:08-cv-01687-RCJ-PAL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted May 12, 2011
San Francisco, California

Before: B. FLETCHER and THOMAS, Circuit Judges, and ROSENTHAL,
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.


[**]     The Honorable Lee H. Rosenthal, District Judge for the U.S. District
Court for Southern Texas, Houston, sitting by designation.

Ernest Hicks and Ronald Kleckley appeal the district court's order granting summary judgment in favor of Dairyland Insurance Company and dismissing Kleckley from the lawsuit. We review both orders de novo. *Thomas v. Ponder*, 611 F.3d 1144, 1149 (9th Cir. 2010); *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court properly dismissed the insurance bad faith claims of the third party claimant Kleckley. In Nevada, only parties with a valid contractual relationship with the insurer have standing to bring a bad faith claim. *See Gunny v. Allstate Ins. Co.*, 830 P.2d 1335, 1335–36 (Nev. 1992). "When no contractual relationship exists, no recovery for bad faith is allowed." *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989). Thus, a third-party claimant does not have standing to bring a bad faith claim directly against an insurer. *Gunny*, 830 P.2d at 1335–36.

Kleckley argues that his status as a judgment creditor affords him standing, but that alone is not sufficient under Nevada law to confer standing. *Bell v. American Family Mut. Auto. Ins.*, 2011 WL 855813 at *1 (Nev. Mar. 10, 2010); *Pasina v. Cal. Cas. Indem. Exch.*, 2008 WL 5083831 at *4 (D. Nev. Nov. 26,

2

2008); *cf. Hall v. Enterprise Leasing Company-West*, 137 P.3d 1104, 1104 (Nev. 2006).[1]

Kleckley also argues that he had obtained a valid assignment of Hicks' first-party insured claims against Dairyland. However, as the district court correctly concluded, the purported assignment is not effective because it was not a "bargained for exchange," lacking consideration. The assignment by its terms was voidable, and the record demonstrated there was no valid consideration given for the assignment.

Absent a valid assignment of rights recognized under Nevada law, Kleckley lacked standing to pursue a direct cause of action against Dairyland. The district court properly dismissed his third party claims.

II

Although Hicks asserted multiple claims for relief against Dairyland, the only claim raised on appeal is the alleged breach of the covenant of good faith and

---

[1] We recognize that the Nevada Supreme Court has not directly addressed this issue in a precedential decision. If a state's highest court has not decided an issue, the task of a federal court sitting in diversity is to predict how the court would resolve it. *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986). In making that prediction, we may look to persuasive authority, including non-precedential state decisions, treatises, and well-reasoned authority from other jurisdictions. *Id.* Thus, we may consider *Bell*, which is a non-precedential Nevada Supreme Court decision, as well as *Pasina*, which *Bell* quoted with approval.

fair dealing.  Hicks argues there are genuine issues of material fact as to whether Dairyland committed bad faith by failing to inform Hicks of an early time-limited demand letter and delaying the claim settlement process.  The district court properly granted summary judgment on this claim.

A

In *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 325 (Nev. 2009), the Nevada Supreme Court held that insurers have a "duty to communicate to the insured any *reasonable* settlement offer that could affect the insured's interest."  (emphasis added).  Hicks contends that Dairyland violated this duty by not communicating Kleckley's initial demand letter.

The undisputed record shows that Kleckley's attorney sent a form letter[2] to Dairyland before filing suit.  He demanded the "policy limits" for the Dairyland policy, but he did not know what those limits were and had only scant knowledge regarding the extent of Kleckley's injuries.  He provided no medical information, but only a signed authorization for the insurer to obtain medical records.  At the time, Kleckley's medical bills totaled only $2,120, well shy of the $15,000 policy

---

[2] The district court noted in a similar case involving the same counsel that it was aware of a number of cases in which an identical demand letter was used by counsel, citing this case.  *See AAA Nev. Ins. Co. v. Chau*, 2010 WL 2802164, at *4 n.1 (D. Nev. July 10, 2010).

limit. Despite knowing so little about the claim, Kleckley's attorney demanded that Dairyland settle for the then-unknown policy limits within two weeks or the offer would be withdrawn. Dairyland's claims agent did not see the letter until after the two-week period had expired because of normal mailing time and an intervening holiday. During this period, the insured was homeless, with no telephone or address through which Dairyland could contact him directly.

The district court properly concluded that a demand made under these circumstances was not a "reasonable settlement offer" within the meaning of *Miller* because the demand established an unreasonable time limit and did not afford Dairyland sufficient information with which to evaluate the claim. *See, e.g.*, *Pavia v. State Farm Mut. Auto. Ins. Co.*, 626 N.E.2d 24, 28–29 (N.Y. 1993); *Glenn v. Fleming*, 799 P.2d 79, 86 (Kan. 1990) (concluding a two-week demand letter was unreasonable); *Adduci v. Vigilant Ins. Co., Inc.*, 424 N.E.2d 645, 649 (Ill. App. 1981); *DeLaune v. Liberty Mut. Ins. Co.*, 314 So. 2d 601 (Fla. App. 1975) (holding that a 10-day time limit for a settlement demand was "totally unreasonable" and

5

"made it virtually impossible to make an intelligent acceptance."), *cert. denied*, 330 So. 2d 16 (1976).[3]

Finally, there is no evidence in the record that the offer "could affect the insured's interest" as required by *Miller*, 212 P.3d at 325, nor does Hicks explain how he suffered any prejudice from Dairyland's failure to communicate the offer. The offer had expired by the time the insurer saw it and, as the record indicates, Hicks was homeless, destitute, and had no ability to fund any portion of a settlement. Thus, he was not deprived of any opportunity to settle the case independent of the insurance policy.

B

The district court also properly granted summary judgment on Hicks' claims that Dairyland unreasonably delayed the claim process. In this context, the Nevada Supreme Court has defined bad faith as "an actual or implied awareness of the absence of a reasonable basis for denying benefits of the [insurance] policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–55 (Nev. 1986).

---

[3] The Nevada Supreme Court has not spoken specifically on this question. However, in predicting how the Nevada Supreme Court would rule on this issue, we are permitted to consider well-reasoned authority from other jurisdictions. *Burns v. Int'l Ins. Co.*, 929 F.2d 1422, 1424 (9th Cir. 1991).

The record shows that after Dairyland's claims agent viewed the demand letter, she promptly set out to acquire the medical information that Hicks' attorney had failed to provide. Dairyland did not unreasonably delay the claims process between the time it received the claim and its agent reviewed the claim. After the agent received the medical information, she tendered the policy limits, even though there was then no settlement demand on the table. The district court correctly concluded that this conduct did not amount to bad faith under Nevada law.

Hicks raises other bad faith theories, but he does so for the first time on appeal. We decline to consider them. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

### III

In sum, the district court correctly dismissed the third-party bad faith claims for lack of standing and properly granted summary judgment in favor of Dairyland on the first-party bad faith claims.

**AFFIRMED.**