# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA CHECKER CAB
CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHELLE LEAVITT, DISTRICT
JUDGE,
Respondents,
and
ION FERENTZ,
Real Party in Interest.

No. 66349

FILED

FEB 0 3 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of prohibition or mandamus challenging a district court order denying a motion to dismiss or to remand the underlying matter to justice court.

### FACTS AND PROCEDURAL HISTORY

Webster Lomanang worked as a taxi cab driver for petitioner Nevada Checker Cab (NCC). Lomanang rear-ended real party in interest Ion Ferentz, causing injuries. Ferentz filed a complaint for damages in justice court against Lomanang and Yellow Checker Cab (YCC), a different cab company than NCC. NCC informed Ferentz that he named the wrong cab company in the complaint. Ferentz failed to amend the complaint or to serve NCC. Counsel for NCC withdrew as counsel for Lomanang because they were unable to correspond with him.

Ferentz subsequently obtained a default judgment against Lomanang and YCC in the amount of $5,380.84, which he sought to collect from NCC. NCC refused to satisfy the judgment because it no longer represented Lomanang. Ferentz filed suit in district court, seeking payment of the judgment, as well as compensatory and punitive damages arising out of what he contended was bad faith on the part of NCC for refusing to pay the judgment. In sum, Ferentz alleged that the judgment, compensatory damages, and punitive damages exceeded $10,000. NCC filed a motion to dismiss the complaint, or, alternatively, to remand the matter to justice court, because the bad faith damages are not recoverable against NCC. The district court held a hearing and denied the motion. This writ petition followed.

## DISCUSSION

### Writ relief is appropriate

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d 484, 486 (2013) (quoting *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnote omitted)); *see also* NRS 34.160. "Normally, this court will not entertain a writ petition challenging the denial of a motion to dismiss," *Buckwalter v. Eighth Judicial Dist. Court*, 126 Nev. 200, 201, 234 P.3d 920, 921 (2010), but may do so when "(1) no factual dispute exists and the district court is obligated to dismiss an action pursuant to clear authority under a statute or rule; or (2) an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting

the petition," *State v. Eighth Judicial Dist. Court (Anzalone)*, 118 Nev. 140, 147, 42 P.3d 233, 238 (2002).

We elect to entertain the petition for a writ of mandamus in this case because no factual dispute exists and because there is clear authority obligating the district court to dismiss the action.[1]

*The district court erred in denying NCC's motion to dismiss*

In considering a writ petition, this court reviews legal questions de novo. *Williams v. Eighth Judicial Dist. Court*, 127 Nev. 518, 525, 262 P.3d 360, 365 (2011). "The [d]istrict [c]ourts in the several [j]udicial [d]istricts of this State have original jurisdiction in all cases excluded by law from the original jurisdiction of justices' courts." Nev. Const. art. 6, § 6. NRS 4.370(1)(a) (2013) grants jurisdiction to justice courts for cases in which "the sum claimed . . . does not exceed $10,000."[2] *See also Royal Ins. v. Eagle Valley Constr.*, 110 Nev. 119, 120, 867 P.2d

---

[1]NCC also seeks a writ of prohibition. A writ of prohibition is appropriate when a district court acts "without or in excess of [its] jurisdiction." NRS 34.320; *see also Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 21, 276 P.3d 246, 249 (2012). Although we conclude in this order that the amount in controversy did not exceed the justice court's jurisdictional limit of $10,000, we treat this writ as one of mandamus because the district court had jurisdiction to hear and determine the outcome of the motion to dismiss. *See Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (stating that we will not issue a writ of prohibition "if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration").

[2]In 2015, the Legislature increased the jurisdictional limit of the justice court to $15,000. 2015 Nev. Stat., ch. 200, § 2.2, at 945. However, at the time this case was filed, the statutory jurisdictional limit was $10,000. NRS 4.370(1)(a) (2013). Thus, the $10,000 limit applies to this case.

1146, 1147 (1994) (determining that "the justice[ ] court has exclusive jurisdiction 'if the damage claimed does not exceed $[10,000].'" (quoting NRS 4.370(1)(b)). Thus, the question here becomes whether Ferentz's claims for emotional distress and punitive damages can be considered part of the "damages claimed," such that the amount in controversy exceeds the justice court's jurisdictional limit of $10,000.

NCC argues that Ferentz cannot establish a bad faith claim, and thus, is not entitled to emotional distress and punitive damages. It reasons that Ferentz does not have a contractual relationship with NCC pursuant to *Gunny v. Allstate Insurance Co.*, 108 Nev. 344, 830 P.2d 1335 (1992). In response, Ferentz makes a two-step argument. First, Ferentz argues that because NCC insured Lomanang, he can collect the amount he was awarded in the default judgment—$5,380.84—from NCC under NRS 485.3091(5).[3] Second, Ferentz argues that by refusing to pay him, NCC acted in bad faith, allowing him to claim damages that exceed $10,000. Ferentz argues that because he already obtained a judgment, a contractual relationship exists allowing him to bring a bad faith claim under *Gunny*. However, we recently held that NRS 485.3091 does not "grant[ ] a third-party claimant an independent cause of action for bad faith against an insurer." *Torres v. Nev. Direct Ins. Co.*, 131 Nev., Adv. Op. 54, 353 P.3d 1203, 1205 (2015). In so holding, we explained that

> [t]hird-party claimants do not have a
> contractual relationship with insurers and thus

---

[3]NCC does not dispute the applicability of NRS 485.3091(5), thus, for the purposes of this order, we assume that Ferentz is entitled to collect $5,380.84 from NCC. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761-62 (2014) (concluding that a respondent's failure to address appellant's argument resulted in confessed error).

have no standing to claim bad faith. *Gunny v. Allstate Ins. Co.*, 108 Nev. 344, 345, 830 P.2d 1335, 1335-36 (1992). While we intimated in dicta in *Gunny* that a third-party claimant who is a specific intended beneficiary of an insurance policy might have a sufficient relationship to support a bad faith claim, *see id.* at 345-46, 830 P.2d at 1336, nothing in Nevada's absolute-liability statute creates a contractual relationship between an insurer and a third party for bad faith.

The majority of jurisdictions also conclude that third-party claimants do not have a private right of action against an insurer. . . .

. . . .

Here, NRS 485.3091 provides no express language that permits a third-party claimant to pursue an independent bad faith claim against an insurer. Absent such a provision, we will not read language into a statute granting a private cause of action for an independent tort. *See Richardson Constr., Inc. v. Clark Cty. Sch. Dist.*, 123 Nev. 61, 65, 156 P.3d 21, 23 (2007) ("[W]hen a statute does not expressly provide for a private cause of action, the absence of such a provision suggests that the Legislature did not intend for the statute to be enforced through a private cause of action.").

*Torres*, 131 Nev., Adv. Op. 54, 353 P.3d at 1211.

Ferentz sustained injuries when he was rear-ended by Lomanang, and NCC insured the cab driven by Lomanang. According to *Torres*, whether Ferentz was a specifically intended beneficiary is irrelevant. *Id.* Ferentz, as a third-party claimant, does not have a contractual relationship with NCC, and NRS 485.3091 does not grant him an independent cause of action for bad faith against NCC. As a result, Ferentz cannot maintain a claim for emotional distress and punitive damages against NCC. Therefore, because the amount of the default

judgment obtained by Ferentz is $5,380.84, making the amount in controversy less than $10,000, we further conclude that the district court erred in denying NCC's motion to dismiss or to remand the underlying matter to justice court.

Accordingly we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF mandamus instructing the district court to vacate its order denying the motion to dismiss and to remand the matter to justice court.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Michelle Leavitt, District Judge
Marc C. Gordon
Tamer B. Botros
Vannah & Vannah
Eighth District Court Clerk

