NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BECKY McVAY, | No. 14-15975 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00359-HDM-WGC |
| v. | |
| ALLIED WORLD ASSURANCE COMPANY, INC., et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted May 11, 2016[**]
San Francisco, California

Before: McKEOWN and FRIEDLAND, Circuit Judges and LEFKOW,[***] Senior District Judge.

Becky McVay appeals from the district court's judgment dismissing with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan H. Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

prejudice, for failure to state a claim, her diversity action alleging claims under Nevada law for breach of contract and breach of the duty of good faith and fair dealing. For the reasons stated below, we affirm.

McVay's action arises from a slip and fall in a gas station convenience store owned and operated by the Fallon Tribal Development Corporation, which is owned by the Fallon Paiute-Shoshone Tribe (collectively, "the Tribe"). McVay sued the Tribe in an action that proceeded in tribal court until the claims against the Tribe were dismissed on the basis of tribal sovereign immunity.[1] In the present separate lawsuit filed in federal court, McVay asserts claims against the Tribe's insurer, Allied World Assurance Company (U.S.), Inc., and the company that administered the insurance policy, York Risk Services Group, Inc. (collectively, "Defendants").

Under Nevada law, an individual who has no contractual relationship with an insurance company lacks standing to sue the insurance company for breach of

---

[1] McVay's requests, set forth in her opening brief, that the court take judicial notice of the Tribal Court's order dismissing her case against the Tribe and the Fallon Tribal Development Corporation's corporate charter are granted. We deny the request for judicial notice of "the FTCA's denial of her claim" because it is not clear what McVay wants the court to take judicial notice of or whether it would be appropriate to do so.

contract or breach of the duty of good faith and fair dealing, at least absent evidence that the individual "substantially relied on the insurance company's representations or . . . was a specific intended beneficiary of the insurance policy." *Gunny v. Allstate Ins.*, 830 P.2d 1335, 1335-36 (Nev. 1992) (per curiam).

McVay does not allege that she has a contractual relationship with Defendants or that she relied on any representations made by Defendants. She does argue, however, that she has standing to sue Defendants as an intended beneficiary of the Tribe's insurance policy with Defendants. This argument seems to be based on the language of the Tribe's policy, defining "insured" as "any person . . . to whom the Named Insured is obligated by virtue of a written contract or oral agreement to provide insurance such as is afforded by this policy." McVay argues that there are two documents that reflect the Tribe's agreement to provide coverage to her: (1) the Indian Self-Determination and Education Act, 25 U.S.C. § 450f(c) ("ISDEA") and (2) the Tribe's Corporate Charter.

Even if it is assumed that the ISDEA requires the Tribe to have insurance for the convenience store where McVay fell, this argument fails because there is nothing in the Act that makes McVay an intended beneficiary of the policy. The same is true of the Tribe's Corporate Charter, as the cited portion does not suggest

anything other than that the Tribe intended to purchase insurance to protect itself from risk.[2]

Further, to the extent McVay's theory is that the ISDEA should prevent the Tribe from asserting a sovereign immunity defense against her tort claim, that argument would have had to have been made in the proceeding in which the Tribe actually asserted sovereign immunity.   Similarly, the existence of sovereign immunity does not transform the general rule that an insured person may not sue an insurer for a declaration of coverage until succeeding in litigation against the insured person.   *See Knittle v. Progressive Cas. Ins.*, 908 P.2d 724, 726 (Nev. 1996) (per curiam) (holding that a claim for declaratory relief against the insurer of a party alleged to have caused injury to the plaintiff is contingent on the plaintiff's

---

[2] To the extent that McVay contends that discovery might reveal her to be an intended beneficiary of the insurance contract, her argument fails because she has not identified any provision in the insurance contract for which the court would need to consider the parties' intent in order to determine whether the provision made her an intended third-party beneficiary.   *See Canfora v. Coast Hotels & Casinos, Inc.*, 121 P.3d 599, 603-05 (Nev. 2005) (per curiam) ("Generally, when a contract is clear on its face, it 'will be construed from the written language and enforced as written.'" (quoting *Ellison v. Cal. State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990) (per curiam))); *Kaldi v. Farmers Ins. Exch.*, 21 P.3d 16, 20 (Nev. 2001) (per curiam) ("[A]bsent some countervailing reason, contracts will be construed from the written language and enforced as written." (quoting *Ellison*, 797 P.2d at 977)).

first obtaining a judgment against the insured party).

Because McVay is neither a party to nor a third-party beneficiary of the insurance contract between the Tribe and Allied, the district court was correct to hold that she may not proceed directly against Defendants for breach of contract or breach of the duty of good faith and fair dealing. *See Gunny*, 830 P.2d at 1335-36; *United Fire Ins. v. McClelland*, 780 P.2d 193, 197-98 (Nev. 1989) (per curiam) ("Liability for bad faith is strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship. When no contractual relationship exists, no recovery for bad faith is allowed." (citation omitted)). The district court was also correct to deny leave to amend, because it is clear that McVay cannot cure the defects in her complaint. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

**AFFIRMED.**