ANN ROBERTS, Appellant, v. FARMERS INSURANCE
COMPANY, a Foreign Corporation, Respondent.

No. 7563

March 28, 1975                         533 P.2d 158

*Foley Brothers* and *Patrick J. Fitzgibbons, Jr.,* of Las Vegas,
for Appellant.

*Austin, Thorndal & Liles,* and *Virgil R. Gentner,* of Las
Vegas, for Respondent.

## OPINION

By the Court, Thompson, J.:

In this action to recover damages for injuries sustained in an
automobile collision, the plaintiff, Ann Roberts, joined Farm-
ers Insurance Company as a party defendant along with Henry
Bozajian, the driver of the adverse vehicle who was insured by
Farmers. The propriety of such joinder was presented to the
district court by Farmers' motion to dismiss. That court ruled
that the insurance company was not a proper party defendant

and expressly determined that there was no just reason to delay entry of final judgment in its favor. Rule 54(b). This appeal followed.

1. Relying upon the Florida decision of Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), the appellant claims to be a third-party creditor beneficiary of the insurance policy issued by Farmers to Bozajian and thus entitled to maintain a direct action against the insurer.

In this particular case the insurer has represented that it is not defending under a reservation of rights and will pay any judgment entered against its insured according to the terms of its policy. Although the insurance policy is not contained in the scanty record before us, we note that the plaintiff-appellant has alleged only that Farmers issued a policy of liability insurance to Bozajian and agreed to "pay all sums which the insured shall become legally obligated to pay as damages." Thus, it appears from the face of the complaint that the plaintiff's right against Farmers will not mature until she first has recovered a judgment against the insured Bozajian.

In these circumstances we need not decide whether the appellant is a third-party beneficiary of the insurance contract since it is apparent that there exists no breach, actual or anticipatory, of the insurer's contractual obligations.

2. It is true that our permissive joinder rule, NRCP 20(a), does allow one to join as defendants those against whom is asserted any right to relief arising out of the same transaction and if any question of law or fact common to all defendants will arise in the action. That rule, however, does not embrace this case since a final judgment against the insured is a precondition to the plaintiff's right to relief against Farmers. Allen v. Pomroy, 277 A.2d 727 (Me. 1971).

3. We perceive no merit to other arguments tendered by the appellant and dismiss them out-of-hand.

Affirmed.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.