Zonnie HUNT, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation doing business in the State of Nevada, Defendant.

No. CV–N–86–524–ECR.

United States District Court, D. Nevada.

March 4, 1987.

---

Paul D. Elcano, Jr., Reno, Nev., for plaintiff.

Paul E. Haefner, Reno, Nev., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

This is an action by plaintiff, Zonnie Hunt, seeking a declaratory judgment against State Farm Mutual Automobile Insurance Company (hereafter "State Farm"). The Complaint was filed in the Second Judicial District Court of the State of Nevada on October 16, 1986. State Farm removed the case to this Court on November 14, 1986. On November 14, 1986, defendant also filed a Motion to Dismiss based upon Fed.R.Civ.P. 12(b)(1) and (6) (document # 4). Plaintiff responded to the motion on November 26, 1986 (document # 5), and defendant replied on December 5, 1986 (document # 7).

On October 21, 1985, on U.S. Highway 50, west of Fallon, Nevada, a vehicle driven by defendant's insured, Betsy Parker, crossed the center line and struck a vehicle driven by James Hunt, plaintiff's husband. As a result of the accident, Mr. Hunt's right arm was amputated.

At the time of the accident there was, in full force and effect, an automobile liability policy issued by State Farm to Betsy Parker. After the accident, James Hunt presented a claim to State Farm seeking compensation for damages suffered as a result of personal injuries caused by Betsy Parker. State Farm settled with Mr. Hunt by paying him $100,000, the full amount recoverable under the "per person" liability limit of the policy.

Contemporaneously, plaintiff made a claim against State Farm for damages arising from loss of consortium. State Farm denied her claim on the grounds that it is derivative and included within the claims of her husband, which were paid to the maximum extent possible under the limits in the insurance policy.

Plaintiff now seeks a declaration from this Court that, under the provisions of the insurance policy issued to Betsy Parker by State Farm, she, Zonnie Hunt, is a person separate from James Hunt, with separate and distinct injuries. Further, she seeks a declaration that she is entitled to coverage of $100,000, independent of any coverage allowable to her spouse.

The plaintiff has not obtained a judgment against Betsy Parker, the insured. Moreover, plaintiff has stated that she has not filed an action against Betsy Parker, but that she will if this Court determines that such a pending proceeding is necessary to the maintenance of her action in this Court. Plaintiff's Response to Motion to Dismiss (document # 5) at pages 21–22.

The issue presented by the Motion to Dismiss is whether the facts recited above, which are alleged in the Complaint and agreed upon by the parties, give rise to a case or controversy ripe for adjudication in this Court.

■ In this declaratory judgment action, in which subject matter jurisdiction is based solely on diversity, the question whether a justiciable controversy exists within the purview of the Declaratory Judgment Act, 28 U.S.C. § 2201, is determined by federal law. *MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. of Newark,* 558 F.Supp. 596, 598 (S.D.Ala.1983). Where, however, substantive law governing the rights of the parties is relevant to the Court's analysis, state law applies. *See St. Paul Fire and Marine Ins. Co. v. Weiner,* 606 F.2d 864, 867 (9th Cir.1979); *MacMillan-Bloedel, supra.*

■ Unless an actual controversy exists, the Court is without power to grant declaratory relief. 28 U.S.C. § 2201. *See also Garcia v. Brownell,* 236 F.2d 356, 357–358 (9th Cir.1956), *cert. denied,* 362 U.S. 963, 80 S.Ct. 880, 4 L.Ed.2d 878 (1960); *City of Springfield v. Washington Pub. Power Supply Sys.,* 564 F.Supp. 86, 89 (D.Ore. 1983). The key question is "whether ... there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Lake Carriers' Ass'n v. MacMullan,* 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972), *quoting Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). *See also City of Springfield, supra* at 89. The Court cannot grant declaratory relief if the asserted controversy involves only future or speculative rights. *County of Santa Barbara v. United States,* 269 F.Supp. 855, 862 (C.D.Cal.1967). Federal constitutional courts act only on cases and controversies and do not give advisory opinions. *Coffman v. Breeze Corps.,* 323 U.S. 316, 324, 65 S.Ct. 298, 302, 89 L.Ed. 264 (1945); *Pinto v. Tampo Largo,* 205 F.Supp. 129, 132 (S.D.Cal.1962).

With these principles of federal law in mind, it is necessary to look toward Nevada law to determine whether the controversy plaintiff points to is real and immediate. State law must be examined to determine whether the asserted controversy involves present, as opposed to future or speculative, rights.

■ The Nevada Supreme Court has held that a tort claimant's rights against a tortfeasor's insurer do not mature until the tort claimant recovers a judgment against the tortfeasor. *See Roberts v. Farmers Ins. Co.,* 91 Nev. 199, 533 P.2d 158 (1975). In *Roberts* the plaintiff brought an action to recover damages for injuries sustained in an automobile collision. She brought the action against the driver of the other vehicle involved in the accident and against State Farm, the insurer of the other driver. The trial court ruled that the insurance company was not a proper party defendant. The Nevada Supreme Court affirmed, declining to decide whether or not the plaintiff was a third party beneficiary of the insurance contract. The Court held that the plaintiff had no right to recover damages from the insurance company in the absence of a judgment against the insured.

The facts of *Roberts* differ in some ways from the facts in the case at bar. The action against the insurer in *Roberts* was for damages, and it was brought in conjunction with a suit against the insured party. In the case at hand, the suit is for declaratory judgment and Betsy Parker is not joined as a defendant. Moreover, in *Roberts,* the insurance company represented that it would pay any judgment entered against the insured according to the terms of the policy; in this case, there appears to be disagreement as to the insurance company's obligations in case the plaintiff were to recover a judgment against Parker. The defendant insurance company has stated, however, that it "has never taken the position that it will not ... indemnify Betsy Jean Parker should suit be brought against her on plaintiff's alleged loss of consortium claim." Motion to Dismiss (document # 4), page 9, lines 18–21. Even with these differences the *Roberts* case is helpful. The case establishes that an injured party's right of action against the alleged tortfeasor's insurer does not arise until the injured party obtains a judgment against the tortfeasor.

Plaintiff apparently takes the position that State Farm has a statutory duty to deal fairly with plaintiff, and that in such dealings a contract interpretation question has given rise to a justiciable controversy. This Court has previously ruled that Nevada does not recognize a right of action on the part of a third-party claimant against an insurance company for bad-faith refusal to settle. *Tweet v. Webster,* 610 F.Supp. 104 (D.Nev.1985), *reconsideration denied* 614 F.Supp. 1190 (1985). In those decisions, this Court recognized that Nevada law does not provide for a cause of action on the part of a third-party claimant against an alleged tortfeasor's insurer in contract or tort, where the claimant has not obtained a judgment against the alleged tortfeasor. *See Tweet v. Webster,* 614 F.Supp. 1190, 1195 (D.Nev.1985).

Though there are no cases directly on point under Nevada law, the *Roberts* and *Tweet* cases impart a clear message. A tort claimant's rights lie initially against the alleged tortfeasor, not against the alleged tortfeasor's insurer.

The parties have cited the Court to several cases from diverse jurisdictions in support of their positions. There is some conflict among the cases. Compare *Indemnity Ins. Co. of North America v. Kellas,* 173 F.2d 120 (1st Cir.1949) and *Bellefonte Reinsurance Co. v. Aetna Casualty and Surety Co.,* 590 F.Supp. 187 (S.D.N.Y.1984) to *Hawkeye-Security Ins. Co. v. Schulte,* 302 F.2d 174 (7th Cir.1962) and *Maryland Casualty Co. v. Faulkner,* 126 F.2d 175 (6th Cir.1942). The reason for the conflict may be the following, as stated by Justice Murphy in *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941):

> The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*See also Muller v. Olin Mathieson Chem. Corp.,* 404 F.2d 501, 504 (2d Cir.1968) ("The difference between definite, concrete and substantial controversies which are justiciable, and hypothetical, abstract, or academic ones which are not justiciable, is one of degree, to be determined on a case by case basis.")

Few of the cases cited by the parties are factually similar enough to the case at bar to be of any help. Of the federal cases cited by plaintiff, all but one were brought by insurers. *See, e.g., Pacific Coal & Oil Co., supra; Pacific Indem. Co. v. Acel Delivery Serv.,* 432 F.2d 952 (5th Cir.1970), *cert. denied,* 401 U.S. 955, 91 S.Ct. 973, 28 L.Ed.2d 238 (1971); *Hawkeye-Security Ins. Co., supra; Maryland Casualty Co. v. Faulkner, supra; Maryland Casualty Co. v. Consumers Fin. Serv.,* 101 F.2d 514 (3d Cir.1938); *United States Fidelity & Guar. Co. v. Pierson,* 97 F.2d 560 (8th Cir.1938). In nearly all of those cases the insurance company brought action against both the insured and the injured party. In nearly all there was a separate case pending in which the injured party sought a judgment against the insured party. Such cases are distinguishable from the present case. In them, there is a real and immediate controversy concerning the insurance company's obligations to the insured vis-a-vis the underlying personal injury action. That controversy typically involves the question whether or not the insurance company must defend the insured party. In *Pacific Coal & Oil Co., supra,* 312 U.S. at 274, 61 S.Ct. at 512, the Court explained that joinder by the insurance company of the injured party as a defendant in such a case is proper because if such joinder were not allowed there would be a danger of conflicting interpretations of the insurance contract. *See Indemnity Ins. Co. of North America v. Kellas, supra* ("Perhaps it would be more accurate to base the jurisdiction of the court, in this type of case, on the actual and immediate controversy be-

tween the insurer and the insured, the tort-claimant being joined as a necessary and proper party in order that the court may be enabled to give more complete relief." 173 F.2d at 124). In the case at bar there exists no question regarding the insurer's duty to defend in a pending action.

The other federal case cited by plaintiff is *ACandS, Inc. v. Aetna Casualty and Surety Co.*, 666 F.2d 819 (3d Cir.1981). That case was initiated by ACandS against its insurers seeking a declaratory judgment clarifying which of the insurers was responsible for defending against various actions against ACandS for personal injuries caused by asbestos. The case was between parties to contracts, and pending cases created actual controversies between the litigants concerning the contracts. ACandS is distinguishable from the present case: in the case at hand the plaintiff and defendant are not parties to a contract.

A case cited to the Court which is quite similar to the present case is *MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. of Newark*, 558 F.Supp. 596 (S.D.Ala.1983). In *MacMillan-Bloedel*, MacMillan-Bloedel claimed to have been damaged by provision and maintenance of faulty paper milling equipment by Kamyr Installations, Inc. MacMillan-Bloedel sued Kamyr and Kamyr's insurer, Firemen's Insurance, for a declaratory judgment that policies issued by Firemen's Insurance were in force and afforded coverage of plaintiff's damages. Meanwhile, an action by MacMillan-Bloedel against Kamyr for damages was pending. Alabama law, which applied, was like Nevada's in that it provided for no cause of action by a third-party tort claimant against an insurance company in the absence of a judgment against the insured tortfeasor. The district court pointed out that "a verdict for the insured defendants in the related tort action would make unnecessary a declaratory judgment as to insurance coverage." *MacMillan-Bloedel*, 558 F.2d at 599. The court went on to hold that there was no case or controversy and therefore the plaintiff lacked standing.

This Court agrees with the federal district court in Alabama. In the case at hand, there are no rights or duties which must be determined. No real and immediate controversy exists between the plaintiff and defendant such that the issuance of a declaratory judgment is warranted.

Plaintiff must first seek and obtain a judgment against Betsy Parker for damages. Only then will the disagreement between plaintiff and defendant concerning the insurance policy be a justiciable controversy. This Court must heed the often recited admonition that "it is not the function of a United States District Court to sit in judgment of these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *American Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmers' Mut. Casualty Ins. Co.*, 280 F.2d 453, 461 (5th Cir.1960).

IT IS, THEREFORE, HEREBY ORDERED that defendant's Motion to Dismiss (document # 4) is GRANTED. The Clerk of the Court shall enter judgment dismissing plaintiff's complaint.