**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **AAA NEVADA INSURANCE CO.**, | No. 10-16793 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-00827-RJJ-LRL |
| v. | |
| **VIHN CHAU and LANG CHAU**, | MEMORANDUM[*] |
| Defendants, and | |
| **BENJAMIN D. BUENAVENTURA, JR., et al.**, | |
| Intervenors - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted November 15, 2011
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:    **KOZINSKI**, Chief Judge, **BEA**, Circuit Judge, and **GETTLEMAN**, District Judge.[**]

Because the Buenaventuras are not parties to the insurance contract between AAA and Chau, and do not have a judgment against Chau, they have no standing to sue AAA for a declaration of coverage. Knittle v. Progressive Cas. Ins. Co., 908 P.2d 724, 726 (Nev. 1996). A tort claimant's rights against the tortfeasor's insurer do not mature until the tort claimant recovers a judgment. Roberts v. Farmers Ins. Co. 533 P.2d 158, 159 (Nev. 1975). Nevada law, which applies to this diversity action, does not recognize a right of action on the part of a third-party claimant against an insurance company for bad-faith refusal to settle. Tweet v. Webster, 610 F.Supp. 104, 105 (D. Nev. 1985); see Hunt v. State Farm Mut. Auto. Ins. Co., 655 F.Supp. 284, 286-88 (D. Nev. 1987).

Parties need not have standing to intervene in this circuit, see State of California Dep't of Soc. Servs. v. Thompson, 321 F.3d 835, 846 n.9 (9th Cir. 2003), but must have standing to appeal, see Diamond v. Charles, 476 U.S. 54, 68 (1986). Because the Buenaventuras do not have standing to sue AAA, they do not have standing to appeal. The only exception is the Buenaventuras' standing to

---

[**]    The Honorable Robert W. Gettleman, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

2

appeal the district court's limitation on their intervention, which we affirm for the same reasons as given by the district court. On all other matters, this appeal is dismissed for lack of appellate jurisdiction.

**AFFIRMED IN PART, DISMISSED IN PART.**