**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CINDY CHARYULU, special administrator on behalf of Estate of Fatu Taputu,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CALIFORNIA CASUALTY INDEMNITY EXCHANGE,<br><br>Defendant - Appellee. | No. 11-16813<br><br>D.C. No. 2:08-cv-01199-RCJ-RJJ<br><br>MEMORANDUM[*] |
| CINDY CHARYULU, special administrator on behalf of Estate of Fatu Taputu,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CALIFORNIA CASUALTY INDEMNITY EXCHANGE,<br><br>Defendant - Appellant. | No. 11-16814<br><br>D.C. No. 2:08-cv-01199-RCJ-RJJ |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted February 12, 2013
San Francisco, California

Before: SCHROEDER, NOONAN, and MURGUIA, Circuit Judges.

Plaintiff Cindy Charyulu, special administrator of the Estate of Fatu Taputu, appeals the judgment, after a jury trial, entered in favor of the insurance company in her action claiming that the insurance company was guilty of bad faith in failing to settle a claim within the two-week deadline the plaintiff's counsel imposed. The insurance company cross-appeals costs and fees.

Plaintiff's principal argument is that the district court erred in admitting evidence that bore on the motives of the plaintiff's counsel, including the drop dead letter and the demand to prove the absence of other insurance. Plaintiff's argument ignores the fact that in bringing the suit, Plaintiff has put in issue the reasonableness of the conduct of both sides in the litigation. *See Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009) (defining bad faith as the "actual or implied awareness of the absence of a reasonable basis for denying benefits"). The reasonableness of the conduct of the insurer's counsel must be measured against

2

the corresponding actions of the plaintiff's counsel in this case. There was no error.

Plaintiff also contends that the district court misstated the law in connection with the duty of an insurer to settle, but any misstatement that did occur was unrelated to either party's theory of the case and could not have influenced the outcome of the case.

The district court did not abuse its discretion in preventing Plaintiff from attempting to show that the taxpayers would ultimately have to pay for the decedent's medical bills, and from presenting testimony of a former hospital executive who had no personal knowledge of the accident or the motives of counsel. The proffered evidence had little or no relevance to the issue in the case.

The district court was not required to find that the verdict was against the weight of the evidence. The witnesses who testified for Plaintiff that the insurance company's actions violated insurance industry standards were not disinterested, and the jury could consider the witnesses possible biases when determining how much weight to give their testimony. *See United States v. Miguel*, 952 F.2d 285, 288 (9th Cir. 1991) (holding that jury was free to discredit witness's self serving version of events).

3

There is no merit to Plaintiff's claim of attorney misconduct. Defense counsel did not make a "golden rule argument," *see Fields v. Woodford*, 309 F.3d 1095, 1109 (9th Cir. 2002), and Plaintiff failed to object to the argument that was made. Plaintiff did object to an isolated question by defense counsel regarding religion, and the objection was sustained and the question stricken from the record.

The defendant insurance company cross-appeals the denial of costs under Federal Rules of Civil Procedure 54 and 68. Rule 68 provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." A party's pre-offer costs are only considered "if [costs] are awarded." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003). Under Rule 54, a prevailing party is entitled to costs, other than attorneys' fees, unless a federal statute, rule, or court order provides otherwise.

As a result of this trial, Plaintiff received a $15,000 judgment, representing the insurance proceeds due on its breach of contract claim. The insurance company had offered to settle the case before trial for $50,000, an amount well above Plaintiff's recovery. The district court erroneously credited Plaintiff's argument that it had expended $36,000 in costs to conclude that Plaintiff's costs, coupled with the recovery, exceeded the offer of settlement. The district court

never awarded Plaintiff costs, so pre-offer costs should not be included in valuing the judgment. For Rule 68 purposes Plaintiff only received $15,000, and therefore the defendant was entitled to costs. With regard to the motion for costs under Rule 54, both parties were prevailing parties under the Rule. The district court therefore did not abuse its discretion in denying the defendant insurance company's motion for costs under Rule 54.

The district court denied the defendant insurance company's request for fees as sanctions under 28 U.S.C. § 1927 and Nevada Revised Statute 18.010. Those statutes provide that fees and costs may, in the court's discretion, be awarded for vexatious and baseless litigation. We find that the district court did not abuse its discretion in denying sanctions with respect to the filing of the case in district court, because there were triable issues. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 828 (9th Cir. 2009). On appeal, however, in light of the jury's verdict, the arguments raised are frivolous and have taxed the patience of both the defendant and this court. We therefore award fees under 28 U.S.C. § 1927 to the appellee, together with costs on the appeal. Determination of the appropriate amount of the award is referred to our Commissioner for further proceedings.

The judgment of the district court and the denial of the motion for costs under Rule 54 are **AFFIRMED**. The award of fees on appeal is referred to the

Appellate Commissioner.  The order denying costs under Rule 68 is **VACATED**

and **REMANDED** for determination of post-Rule 68 judgment offer costs.