An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PAMELA FULBROOK,
INDIVIDUALLY, AND AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF ADASHA EDISON; MICHAEL
BENNINGTON AND ELIZABETH
BENNINGTON, HUSBAND AND WIFE;
AND MICHELLE BENNINGTON,
Appellants,
vs.
ALLSTATE INSURANCE COMPANY,
Respondent.

No. 61567

**FILED**

JAN 3 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

PAMELA FULBROOK,
INDIVIDUALLY, AND AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF ADASHA EDISON; MICHAEL
BENNINGTON AND ELIZABETH
BENNINGTON, HUSBAND AND WIFE;
AND MICHELLE BENNINGTON,
Appellants,
vs.
ALLSTATE INSURANCE COMPANY,
Respondent.

No. 62199

## ORDER OF AFFIRMANCE

These are consolidated appeals from a final judgment and a post-judgment order denying attorney fees and costs in an insurance matter. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Pamela Fulbrook's daughter was killed when she fell from the roof of a car driven by appellant Michelle Bennington. Michelle's parents, appellants Elizabeth Bennington and Michael Bennington, owned the car and insured it through respondent Allstate Insurance Company.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-03276

After the accident, Fulbrook's attorney, Thomas Christensen of the Christensen Law Office (CLO), sent a letter to Allstate seeking to settle Fulbrook's claim against the Benningtons (the Demand Letter). The Demand Letter stated that Fulbrook would settle her claim if, within two weeks from the date of the letter, Allstate (1) paid the full value of the Benningtons' policy and (2) provided proof that the Benningtons had no other applicable insurance. Allstate did not accept Fulbrook's settlement offer prior to the expiration of the deadline provided in the Demand Letter.

Fulbrook then filed a wrongful death lawsuit against the Benningtons. Fulbrook and the Benningtons entered an agreement stipulating to the Benningtons' liability and agreeing that the reasonable value of Fulbrook's damages was at least $2,500,000. A district court entered judgment for Fulbrook against the Benningtons in the amount of $2,500,000.

Several months before the judgment was entered against the Benningtons, Allstate filed a complaint for declaratory relief against Fulbrook and the Benningtons seeking a judicial declaration (1) limiting its obligation to indemnify the Benningtons for Fulbrook's claim to $15,000, the Benningtons' insurance policy's limit, and (2) finding that Allstate acted reasonably. Fulbrook and the Benningtons filed counterclaims against Allstate for compensatory and punitive damages.

Before trial, the district court dismissed Fulbrook's counterclaims against Allstate. Allstate then made a motion to have Christensen disqualified on the grounds that he was a percipient witness, and the district court ordered that Christensen be excluded from the courtroom during the testimony of witnesses that would directly relate to

his expected testimony. However, the district court did not disqualify Christensen.

During trial, each side called multiple witnesses, including an expert witness proffered by Allstate, to testify about Allstate's conduct with regard to Fulbrook's claim, CLO's conduct and motive with regard to Fulbrook's claim, and the efforts to settle Fulbrook's claim. Fulbrook and the Benningtons objected to several instructions that the district court provided to the jury. The jury returned a special verdict in which it found that Allstate did not breach the duty of good faith and fair dealing or the duty to cooperate that it owed to the Benningtons. The jury also found that the Benningtons breached their insurance policy's cooperation clause by entering into the agreement with Fulbrook. It did not award damages to any party.

After the jury returned its verdict, the Benningtons and Fulbrook made motions for judgment notwithstanding the verdict and for a new trial, which the district court denied, and the Benningtons assigned their rights against Allstate to Fulbrook. The district court then entered a final judgment in favor of Allstate on the issues presented in Allstate's complaint. It amended the judgment to award $15,000 to Fulbrook from Allstate pursuant to the Benningtons' insurance policy. Fulbrook then filed a motion for attorney fees and costs, which the district court denied.

Fulbrook and the Benningtons appeal and raise the following issues: (1) whether the district court abused its discretion by admitting evidence of CLO's motive; (2) whether the district court abused its discretion when instructing the jury; (3) whether the district court abused its discretion by excluding Christensen from portions of the trial; and (4)

whether the district court abused its discretion by not awarding attorney fees or costs to Fulbrook.[1]

*The district court did not abuse its discretion by admitting evidence of CLO's motives*

Fulbrook and the Benningtons argue that the district court abused its discretion by admitting evidence of CLO's motives, which included settlement offer letters sent to insurers in other matters, because CLO's motives and these letters were irrelevant to the present case. As part of this argument, they contend that *Allstate Insurance Co. v. Miller*, 125 Nev. 300, 212 P.3d 318 (2009), prohibits consideration of a claimant's attorney's motive.

"We review a district court's decision to admit or exclude evidence for abuse of discretion, and we will not interfere with the district

---

[1]Fulbrook and the Benningtons also raise several other issues that are without merit. First, they argue that the district court erred by denying their motions for judgment as a matter of law. The district court correctly denied these motions because Allstate "presented sufficient evidence such that the jury could [have] grant[ed] relief to [Allstate]" on all of the issues the jury considered. *Bielar v. Washoe Health Sys., Inc.*, 129 Nev. ___, ___, 306 P.3d 360, 368 (2013) (internal quotations omitted). Second, they argue that the district court abused its discretion by not granting a new trial after it submitted an allegedly defective special verdict form to the jury. The special verdict form was not defective because it addressed the factual issues underlying the Benningtons' counterclaims and properly excluded Fulbrook's counterclaims that were dismissed before trial. Thus, the use of the special verdict form was not a procedural irregularity that would provide grounds for a new trial. *See* NRCP 59(a) (identifying grounds for a new trial). Third, they argue that the district court erred by not allowing a former CLO attorney to rebut Allstate's expert's testimony. Since the record does not show that this issue was preserved, it "is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

court's exercise of its discretion absent a showing of palpable abuse." *M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008).

### *Miller does not prohibit evidence of attorney's motive*

Fulbrook and the Benningtons' contention that a claimant's attorney's motive is not relevant is based on a footnote contained in *Miller*, which states that the issue of "whether the district court improperly excluded . . . evidence regarding [the plaintiff's] attorney's motive" lacked merit. 125 Nev. at 323 n.5, 212 P.3d at 334 n.5. They argue that the footnote prohibits the admission of evidence of an attorney's motive. Fulbrook and the Benningtons' reliance on this footnote, however, is misplaced because the footnote summarily rejected arguments that were specific to *Miller* without addressing the explicit issues raised. Thus, the footnote in *Miller* does not provide controlling or persuasive authority here.

### *The tort of insurance bad faith requires unreasonable conduct by an insurer*

An insurer owes its insured "two general duties: the duty to defend and the duty to indemnify." *Miller*, 125 Nev. at 309, 212 P.3d at 324. Additionally, all contracts include an implied covenant of good faith and fair dealing. *Pemberton v. Farmers Ins. Exch.*, 109 Nev. 789, 792-93, 858 P.2d 380, 382 (1993). This covenant imposes multiple duties on an insurer, including a duty to settle a claim within policy limits. *See Miller*, 125 Nev. at 315, 212 P.3d at 328. "A violation of [this] covenant gives rise to a bad-faith tort claim." *Id.* at 308, 212 P.3d at 324. "Bad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct." *Guar. Nat'l Ins. Co. v. Potter*, 112 Nev. 199, 206, 912 P.2d 267, 272 (1996).

*CLO's motives were relevant to whether Allstate acted in bad faith*

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." NRS 48.015. Thus, evidence which demonstrates that an insurer had or lacked a reasonable basis for its conduct is relevant to a claim of bad faith. *See Miller*, 125 Nev. at 308, 212 P.3d at 324.

The conduct of a claimant's attorney is relevant to the issue of the reasonableness of an insurer's conduct because the attorney's actions can influence the insurer's conduct. *See AAA Nev. Ins. Co. v. Chau*, 808 F. Supp. 2d 1282, 1286-87 (D. Nev. 2010) (finding that a claimant's attorney's conduct was relevant to whether an insurer acted reasonably in not accepting a claimant's settlement offer within the two-week time period provided in the offer), *aff'd in part, dismissed in part on other grounds*, 463 F. App'x 627, 628 (9th Cir. 2011). An actor's motive is relevant to evaluating the actor's conduct. *See Bongiovi v. Sullivan*, 122 Nev. 556, 575, 138 P.3d 433, 447 (2006) (holding that evidence of a party's motive or intent was admissible when the party's conduct was relevant to a disputed issue).

Here, evidence of CLO's motive was relevant to CLO's conduct in pursuing Fulbrook's claim with Allstate. Similarly, CLO's conduct was relevant to the issue of Allstate's conduct because it provides context for evaluating Allstate's actions. Because an issue at trial was whether Allstate acted reasonably in not settling Fulbrook's claim before the Demand Letter's deadline, evidence concerning the context of Allstate's conduct can be relevant to determine whether it acted reasonably. *See* NRS 48.015 (defining "relevant evidence" as that which makes an "action

more or less probable than it would be without the evidence"). Therefore, evidence of CLO's conduct and motive was relevant.

*The district court did not abuse its discretion by admitting the settlement offer letters from other cases*

At trial, Allstate proffered settlement offer letters that CLO sent to insurers regarding other claims that were nearly identical to the Demand Letter in the instant action. Allstate's expert testified that these other letters contained unreasonable settlement offers made by CLO. Because these letters could help reveal whether the Demand Letter's settlement offer was reasonable, they could make it more or less probable that Allstate acted reasonably in not accepting the offer of the Demand Letter to settle Fulbrook's claim.[2] Therefore, the district court did not abuse its discretion in admitting CLO's other settlement offer letters and evidence of CLO's motive.[3]

---

[2]Fulbrook and the Benningtons' argument that the other settlement offer letters are irrelevant because they post-dated the Demand Letter is without merit. It ignores the relevance of the other letters to the issue of the reasonableness of the Demand Letter. Furthermore, Fulbrook and the Benningtons did not preserve their arguments that the other settlement offer letters should have been excluded on the grounds that they (1) lacked foundation or (2) had an unfair prejudicial effect because the record does not demonstrate that either Fulbrook or the Benningtons made a specific objection about either of these issues. NRS 47.040(1); *see also In re Parental Rights as to J.D.N.*, 128 Nev. ___, ___, 283 P.3d 842, 846 (2012) (requiring that objections to admission of evidence state specific grounds for the objection). Therefore, the issues of unfair prejudice and lack of foundation "[are] deemed to have been waived and will not be considered on appeal." *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983.

[3]Although the concurrence raises a valid concern about the improper use of an attorney's conduct in an unrelated matter as evidence of the attorney's motive in the present case, this concern does not detract from the fact that the other demand letters were admitted for a proper purpose
*continued on next page...*

*The district court did not abuse its discretion in instructing the jury*

Fulbrook and the Benningtons argue that the district court misstated the law when proffering multiple jury instructions. We address three of these assignments of error.[4]

We review a district court's decision to give specific jury instructions for abuse of discretion. *Skender v. Brunsonbuilt Const. & Dev. Co.,* 122 Nev. 1430, 1435, 148 P.3d 710, 714 (2006). "However, we review de novo whether a proffered instruction is an incorrect statement of the law." *Miller,* 125 Nev. at 319, 212 P.3d at 331 (internal quotations omitted).

---

*...continued*

in this case. *See, e.g., United States v. Gutierrez-Castro,* 341 F. App'x 299, 301 (9th Cir. 2009) (holding that evidence that *could* serve an impermissible purpose was admissible when proffered for a permissible purpose).

[4]Fulbrook and the Benningtons also argue that the district court erroneously gave Jury Instruction Nos. 34 and 36 and refused to give a proposed jury instruction. However, these assignments of error were not preserved because "the record does not contain the objections or exceptions to [these] instructions [that were] given or refused." *Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.,* 97 Nev. 474, 476, 635 P.2d 276, 277 (1981). Thus, they "[are] deemed to have been waived and will not be considered on appeal." *Old Aztec Mine,* 97 Nev. at 52, 623 P.2d at 983. Fulbrook and the Benningtons' challenge to Jury Instruction No. 50 is also without merit because they failed to demonstrate that this instruction is inconsistent with Nevada law or that the district court otherwise abused its discretion by giving this instruction. *See Randono v. Nev. Real Estate Comm'n,* 79 Nev. 132, 137, 379 P.2d 537, 539 (1963) (holding, albeit in an administrative law matter, that the appellant has a burden to demonstrate an abuse of discretion).

*The district court did not abuse its discretion by giving Jury Instruction Nos. 23 and 24*

Fulbrook and the Benningtons argue that Jury Instruction Nos. 23 and 24 erroneously include a knowledge component that is not required by Nevada law.

Jury Instruction No. 23 states: "An insurance company breaches the implied covenant of good faith and fair dealing by (1) acting unreasonabl[y] and (2) with knowledge that there is no reasonable basis for its conduct."

Jury Instruction No. 24 states: "Breach of the implied covenant of good faith and fair dealing involves the actual or implied awareness of the absence of a reasonable basis for its conduct."

"A violation of the [implied] covenant [of good faith and fair dealing] gives rise to a bad-faith tort claim." *Miller*, 125 Nev. at 308, 212 P.3d at 324. "This court has defined bad faith as an actual or implied awareness of the absence of a reasonable basis for denying benefits of the insurance policy." *Id.* (internal quotations omitted). "Awareness" is defined as "having knowledge or realization." *Random House Webster's College Dictionary* 93 (2nd ed. 1997). Thus, because *Miller* uses the term "awareness" in its definition of the conduct that constitutes bad faith, it by definition includes a knowledge component. *See Miller*, 125 Nev. at 308, 212 P.3d at 324; *see also Random House Webster's College Dictionary* at 93. Because *Miller* includes a 'knowledge' component, Jury Instruction Nos. 23 and 24 are consistent with Nevada law defining bad faith. Therefore the district court did not abuse its discretion in giving these instructions, which are correct statements of law.

*The district court did not abuse its discretion by giving Jury Instruction No. 27*

Fulbrook and the Benningtons argue that Jury Instruction No. 27 misstated the law because it did not account for the legal duty an insurer owes to a claimant under NRS 686A.310(1)(e) to promptly settle claims.

Jury Instruction No. 27 states:

An insurance company has no contractual duty to a third-party claimant.

In this case, Pamela Fulbrook was a third-party claimant. Allstate owed no contractual duty to Pamela Fulbrook as a third-party claimant.

NRS 686A.310(1)(e) provides that it is an unfair practice to "[f]ail[ ] to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." NRS 686A.310 "expressly grants insureds a private right of action against insurance companies" engaged in this unfair practice. *Turk v. TIG Ins. Co.*, 616 F. Supp. 2d 1044, 1052 (D. Nev. 2009). This statute, however, does not provide a private right of action to third-party claimants. *Gunny v. Allstate Ins. Co.*, 108 Nev. 344, 346, 830 P.2d 1335, 1336 (1992).

Because Jury Instruction No. 27 states that "Allstate owed no contractual duty to Pamela Fulbrook as a third-party claimant," it is a correct statement of law and consistent with *Gunny*. Therefore, the district court did not abuse its discretion in giving this instruction.

*The district court did not abuse its discretion in excluding Christensen from portions of the trial*

Fulbrook and the Benningtons argue that the district court abused its discretion by excluding Christensen from portions of the trial because he was not a necessary witness, as required for the

disqualification of counsel under Nevada Rule of Professional Conduct 3.7.[5]

The exclusion of a witness from the courtroom is reviewed for an abuse of discretion. *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 915 (9th Cir. 2005) (applying this standard when considering the exclusion of a witness pursuant to Federal Rule of Evidence 615, which is analogous to NRS 50.155); *see also Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008) (observing that "federal court decisions discussing [an analogous federal rule of evidence] may provide persuasive authority" to assist in the interpretation of Nevada's evidentiary rules).

As a preliminary matter, the district court excluded Christensen from parts of the trial but did not disqualify him. Therefore, to the extent that Fulbrook and the Benningtons' assignments of error are premised on Christensen's purported disqualification, they are without merit.

Next, NRS 50.155(1) provides that "at the request of a party the judge shall order witnesses excluded so that they cannot hear the testimony of other witnesses." NRS 50.155 does not limit its application to necessary witnesses.[6] Thus, unless an exception applies, a district court

---

[5]Fulbrook and the Benningtons also argue that Christensen was exempt from exclusion pursuant to NRS 50.155(2). Because they failed to raise this argument before the district court, it "is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983.

[6]Since a witness need not be a necessary witness to be excluded from the courtroom, Fulbrook and the Benningtons' argument that the district court erred by not making findings of fact on the record about whether Christensen was a necessary witness is without merit.

 

must exclude a witness from the courtroom during testimony given by other witnesses if a party requests the witness's exclusion. *See Givens v. State*, 99 Nev. 50, 54, 657 P.2d 97, 100 (1983) ("NRS 50.155 clearly establishes a duty on the judge's part to exclude witnesses upon request."), *disapproved of on other grounds by Talancon v. State*, 102 Nev. 294, 301 & n.3, 721 P.2d 764, 768-69 & n.3 (1986).

Here, Allstate identified Christensen as a witness and sought his exclusion. Therefore, the district court had a duty to exclude Christensen unless he met an exception articulated in NRS 50.155(2). Since Fulbrook and the Benningtons did not demonstrate before the district court that an exception applied, the district court did not abuse its discretion by excluding Christensen.[7]

*The district court did not abuse its discretion by refusing to award attorney fees and costs to Fulbrook*

Fulbrook and the Benningtons argue that the district court abused its discretion by not granting Fulbrook's motion for costs and attorney fees pursuant to NRS 18.010(2)(a) and NRS 18.020(3) because Fulbrook recovered $15,000 from Allstate pursuant to the final judgment. "[We] generally review[ ] a district court's decision awarding or denying costs or attorney fees for an abuse of discretion." *Gunderson v. D.R. Horton, Inc.*, 130 Nev. ___, ___, 319 P.3d 606, 615 (2014).

The statutes under which Fulbrook sought attorney fees and costs require a party to prevail as a prerequisite to a district court award

---

[7]Fulbrook and the Benningtons' argument that Allstate's attorney committed misconduct by having Christensen excluded from portions of the trial is without merit, as they failed to demonstrate any misconduct on the part of Allstate's counsel.

of attorney fees or costs. *See* NRS 18.010(2)(a) (authorizing a district court to award attorney fees to a prevailing party who recovers less than $20,000); NRS 18.020(3) (authorizing a prevailing party to recover costs when more than $2,500 is in dispute). Thus, Fulbrook must be deemed a prevailing party in order to be entitled to recover attorney fees or costs.

A party may prevail "if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit." *Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005) (internal quotations omitted). Here, Allstate sued Fulbrook and the Benningtons, seeking a judicial declaration limiting its obligation to indemnify the Benningtons for Fulbrook's claim to $15,000, pursuant to the Benningtons' insurance policy, and finding that it acted reasonably in refusing to accept the settlement offered in the Demand Letter. The district court granted Allstate's requested judicial declaration and awarded $15,000 to Fulbrook pursuant to the Benningtons' insurance policy. Thus, Allstate received the benefit it sought.

In their counterclaims against Allstate, Fulbrook and the Benningtons each sought compensatory and punitive damages, which the district court refused to award. Thus, Fulbrook and the Benningtons did not receive any of the benefits they sought and were unable to prevent Allstate from obtaining the declaratory relief it sought. Therefore, Fulbrook and the Benningtons did not prevail, and the district court did not abuse its discretion by denying Fulbrook's motion for attorney fees and costs.

*Conclusion*

The district court did not abuse its discretion by admitting evidence of CLO's motives because it was relevant to the issue of the reasonableness of Allstate's conduct. It also did not abuse its discretion in

giving the challenged jury instructions because they were consistent with Nevada law. Furthermore, the district court did not abuse its discretion by excluding Christensen from the courtroom because he was properly identified as a witness whose exclusion was requested by a party. Finally, the district court did not abuse its discretion in refusing to award attorney fees or costs to Fulbrook because she was not a prevailing party.[8] Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Saitta

PICKERING, J., concurring in part, and dissenting in part:

While I concur in the result, I write separately to express my disagreement with the proposition that demand letters written by the insured's counsel on behalf of other clients in other, unrelated matters are admissible as evidence of "motive" in an insurance bad faith suit.

To begin with, there is a split of authority on whether an insured's attorney's subjective intent to "set up" the insurer is even admissible in a bad faith case involving the objective reasonableness of the

_____

[8]We have considered the parties' remaining arguments and conclude that they are without merit.

SUPREME COURT
OF
NEVAOA

(O) 1947A

insurer's conduct. For a general discussion see Dennis J. Wall, *Litigation and Prevention of Insurer Bad Faith*, § 5:18 (3d ed. 2014). But to go further and use a lawyer's conduct on behalf of another client in an earlier, unrelated matter as *evidence* of a current client's subjective motive in a current case cannot be correct. *See* NRS 48.045 (restricting the use of other bad act evidence). The cases respondent cites as support for admitting the demand letters from the other matters the insured's lawyer handled—*Charyulu, Chau, Hicks v. Dairyland Insurance Company*, 2:08-cv-1687-RCJ-PAL, 2010 WL 2541175 (March 3, 2010), and *Miel v. State Farm Mut. Auto. Ins. Co.*, 912 P.2d 1333, 1339-40 (Az. App. 1995)—do not go that far.

It is one thing to say that, in a particular case, an insured's demand letter imposed such unreasonable conditions that the insurer did not act in bad faith in not immediately meeting the demand, *e.g., Charyulu v. California Cas. Indem. Exch.*, 523 F. App'x 478, 480 (9th Cir. 2013) (in assessing bad faith, "[t]he reasonableness of the conduct of the insurer's counsel must be measured against the corresponding actions of the plaintiff's counsel *in this case*"); or that in granting summary judgment, one district court may properly look to another district court's determination that a particular demand letter was unreasonable and a *legally* insufficient predicate for an insurance bad faith claim as a matter of law. *AAA Nevada Ins. Co. v. Vinh Chau*, 808 F. Supp. 2d 1282, 1288 (D. Nev. 2010), *aff'd in part, dismissed in part sub nom. AAA Nevada Ins. Co. v. Chau*, 463 F. App'x 627 (9th Cir. 2011) (granting summary judgment because, on the undisputed facts, the insureds' counsel's "demand letter was itself unreasonable and appears to be nothing more than an attempt to set up a potential bad faith claim"). But it is another proposition

altogether to admit, as evidence of an insured's subjective intent to "set up" his insurer, letters the insured's lawyer sent on behalf of other insureds to "set up" other insurers in other unrelated cases.

Despite these concerns, "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." NRS 47.040(1). Even assuming that the other-matter demand letters should not have come into evidence, there still was no legally sufficient evidence to support the appellants' bad faith claims. For that reason and the others expressed by my colleagues, I concur in their affirmance of the judgment in this case.

_____, J.
Pickering

cc: Hon. Valerie Adair, District Judge
Israel Kunin, Settlement Judge
Christensen Law Offices, LLC
Prince & Keating, LLP
Eighth District Court Clerk